Lawrence X COCHRAN, Plaintiff,

v.

Allyn R. SIELAFF, Director of Illinois Department of Corrections, Individually and in his official capacity, et al., Defendants.

Misc. No. P–76–1.

United States District Court, S. D. Illinois, N. D.

Jan. 12, 1976.

No appearance for plaintiff.
No appearance for defendants.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

Plaintiff moves to proceed *in forma pauperis* on a complaint which seeks declaratory and injunctive relief against Administrative Regulation No. 839 of the Illinois Department of Corrections. The complaint alleges that the plaintiff is a sanctioned minister of the Muslim religion at the Pontiac Correctional Center. Defendant Sielaff is Director of the Illinois Department of Corrections, defendant Finkbeiner is the Warden at Pontiac, and defendant Ledford is the

Institutional Chaplain at Pontiac. The plaintiff does not seek to declare Regulation No. 839 as unconstitutional on its face, but, rather, alleges that defendant Ledford is applying the regulation in a discriminatory manner at Pontiac. The claim is brought under 42 U.S.C. § 1983, and jurisdiction is alleged pursuant to 28 U.S.C. § 1343.

A district court may determine the frivolity of a suit on a motion to proceed *in forma pauperis* before the issuance of summons. *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin,* 510 F.2d 130 (7th Cir. 1975). The standard is whether any of the legal points made are fairly arguable on their merits. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Recent decisions require that *pro se* complaints such as plaintiff's be held to less stringent pleading requirements. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Bryant v. Harris,* 465 F.2d 365 (7th Cir. 1972). After a careful and liberal reading of the complaint, however, this court must deny plaintiff's motion to proceed *in forma pauperis* on the ground that it does not raise justiciable issues.

The complaint makes three principal allegations: First, that the defendants restricted the plaintiff's free exercise of religion and denied him due process of law by not granting Muslims an allotment of the prison's religious budget; second, that defendants restricted plaintiff's free exercise of religion by not allowing food in his cell during the Muslim Fast of Ramadan; and third, that defendants unreasonably restricted attendance of Muslim religious services. performed by plaintiff and outside Muslim ministers.

The allegation as to an unequal allotment of the new religious budget is now moot. Plaintiff's affidavit states the denial of an allotment of the budget was overturned through institutional grievance procedures. As noted by Chief Justice Burger in his concurring opinion in *Cruz v. Beto,* 405 U.S. 319, 323, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), there is no constitutional or legal requirement that government provide materials for every religion practiced. Difference in the allotments to various different religions does not amount to a denial of due process or invidious discrimination. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

Plaintiff made requests to the defendants to allow the Muslim prisoners to bring food into the cellhouse to properly celebrate the Fast of Ramadan. Plaintiff alleges that proper observance of the Fast requires that the Fast be broken before sunrise. To do this, food would need to be allowed in the cellhouse at night. Defendants denied this request.

Prison officials may not punish or discriminate on account of religious beliefs. Prisoners retain complete freedom of belief, and even of desired worship practices which do not interfere with prison routine, but incarceration requires some curtailment of exercise. *Cooper v. Pate,* 382 F.2d 518 (7th Cir. 1967). Plaintiff does not allege purposeful discrimination against the Muslim religion. He was not denied a reasonable opportunity to pursue his faith comparable to the opportunity afforded fellow prisoners who follow other religions. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Security, expense, and dietary guidelines constitute compelling interests of the state which must outweigh unusual requirements of religious practice. *Walker v. Blackwell,* 411 F.2d 23 (5th Cir. 1969). Any alleged constitutional deprivation on account of the prohibition of food in the cellhouse is not considered to be arguable on the merits.

The principal allegation of the complaint concerns the limits placed by the defendants on the number of prisoners allowed to attend Muslim services. Plaintiff alleges that Ledford, the chaplain at Pontiac, who is a Christian, is discriminating against Muslims by limiting attendance to Muslim services to

those who are practicing Muslims. The controversy over who and how many should be allowed to attend did not arise until the defendants allowed outside Muslim ministers to lead religious services at Pontiac. Plaintiff alleges that 350 to 500 prisoners now express a desire to hear other Muslim ministers.

 Freedom of religion is one of the fundamental preferred freedoms guaranteed by the Constitution. *Marsh v. State of Alabama,* 326 U.S. 501, 509, 66 S.Ct. 276, 90 L.Ed. 265 (1946). Charges of religious persecution fall into a different category from ordinary problems of prison discipline. Nevertheless, lawful incarceration does necessitate withdrawal or limitation of many privileges and rights. Penal objectives of deterrence, protection of others and rehabilitation, plus the need for internal security to achieve those goals, justify the retraction of rights which are otherwise enjoyed by free citizens. *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution which are of general application. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

 Plaintiff does not allege that he has been punished for his beliefs, as was the case in *Chapman v. Kleindienst,* 507 F.2d 1246 (7th Cir. 1974). Nor is this a case where Muslim services are completely prohibited. The question is whether the limitations placed on Muslim services violate prisoner-plaintiff's First Amendment right to free exercise of religion. The court must take judicial notice, as the Seventh Circuit did in *Cooper v. Pate,* 382 F.2d 518 (1967), of the fact that federal and state penitentiaries continue to have serious disciplinary problems involving Muslim services. In *Sostre v. McGinnis,* 334 F.2d 906 (1964), the Second Circuit noted that racial teachings were an essential part of the faith. Muslim ministers from outside the prison quite likely could create a dangerous potential against the security and discipline at Pontiac if a congregation of 350 to 500 curious prisoners were allowed. No romantic view of constitutional rights of religion should induce a court to interfere with necessary protections of reasonable discipline. 334 F.2d 908. Defendants have not used any drastic and sweeping means to restrict the Muslim religion. Rather, the defendants have chosen to limit services to those prisoners who actively practice the religion and not allow the general population simply to congregate to hear speeches and likely racial overtones. The decisions were not those of defendant Ledford alone. Plaintiff's affidavit makes clear that the decisions were made by the Pontiac administration, including Warden Finkbeiner and his assistants.

 Although deference to prison administrators is not as great in cases involving freedom of religion, real weight must still be given to the judgment of administrators in determining practices which are necessary and appropriate. *Cooper,* at 521. This court will not substitute its judgment for that of defendants where, as here, prison officials have allowed the practice of the Muslim religion, subject only to the most basic security needs of the institution.

Accordingly, it is ordered that plaintiff's motion to proceed *in forma pauperis* is denied and filing of the complaint is denied.