**Donald Ray FRANK,
Plaintiff–Appellant,**

v.

**Charles TERRELL, et al.,
Defendants–Appellees.**

No. 88–2363
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1988.

Donald Ray Frank, Tennessee Colony, Tex., pro se.

Before POLITZ, KING, and SMITH, Circuit Judges.

PER CURIAM:

The plaintiff, Donald Ray Frank, filed this action under 42 U.S.C. § 1983, complaining that the Texas Department of Corrections (TDC) has failed and refused to provide him with certain religious materials, such as six books and a prayer shawl, a tallit, sermon tapes, and a kippah. He does not assert that he is forbidden to possess and use these items in the exercise of his religious belief. Instead, he complains that the TDC refuses to furnish the items, free of charge, for his use. The district court, per Judge William Wayne Justice, dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d). We affirm.

We agree with the district court's observation that "[t]here cannot possibly be any constitutional or legal requirement that the government provide materials for every religion and sect practiced in this diverse country" (quoting Cruz v. Beto, 405 U.S. 319, 323, 92 S.Ct. 1079, 1082, 31 L.Ed.2d 263 (1972) (Burger, C.J., concurring)). Accord, Childs v. Duckworth, 509 F.Supp. 1254, 1264 (N.D.Ind.1981), aff'd, 705 F.2d 915 (7th Cir.1983); Cochran v. Sielaff, 405 F.Supp. 1126, 1128 (S.D.Ill.1976).

In Cruz v. Beto, the plaintiff alleged that he was not allowed to use the prison chapel; that he was punished for sharing his religious materials with other inmates; and that he was prohibited from corresponding with his religious advisor. The Court held that the complaint stated a constitutional claim if the plaintiff, a Buddhist, "was denied a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts...." 405 U.S. at 322, 92 S.Ct. at 1081.

Here, the plaintiff professes a religion more common in the United States, the Jewish faith. He does not assert that he is denied the opportunity to observe the tenets of that religion or that he is discriminated against for his beliefs. His only complaint is that the TDC will not provide him with certain physical materials, but he does not suggest that he has been denied the opportunity to obtain such materials on his own.

The refusal to provide the demanded religious articles is well within the "latitude in the administration of prison affairs" which prison officials must be accorded. *Cruz v. Beto, id.* at 321, 92 S.Ct. at 1081. The judgment of the district court is AFFIRMED.