IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20188
Summary Calendar
_____

AL YASA MUHAMMAD,

                                          Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                          Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-2971
- - - - - - - - - -
December 11, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Irving Elliot, also known as Al Yasa Muhammad, Texas

prisoner # 384725, appeals the district court's order granting

summary judgment to the defendant in his 42 U.S.C. § 1983 civil

rights action.  Muhammad argues that the defendant violated his

First Amendment right to exercise his religious freedom by

imposing a grooming policy which does not allow him to grow a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

beard.  The defendant's grooming policy does not violate Muhammad's First Amendment rights because the policy is rationally related to the defendant's legitimate penological interests, including security, inmate identification, safety, and discipline.  See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992).

Muhammad argues the defendant violated his First Amendment rights by failing to provide a pork-free diet.  Because Muhammad did not present competent summary judgment evidence in the district court to show that there was a genuine issue of material fact concerning whether he was forced to eat pork or denied an adequate protein substitute on a particular date, the district court did not err in holding that the defendant did not fail to provide a pork-free diet in violation of Muhammad's First Amendment rights.  See Celotex v. Catrett, 477 U.S. 317, 323 (1986)(nonmoving party must produce evidence or set forth specific facts showing existence of genuine issue for trial); Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).

Muhammad argues that the defendant violated his First Amendment rights by failing to provide an adequate number of Muslim chaplains.  The summary judgment evidence in the record indicates that the number of Muslim chaplains is proportionate to the number of Muslim inmates in the Texas Department of Criminal Justice.  Muhammad does not have a constitutional right to receive facilities or personnel identical to that of more

populous denominations.  See Ganther v. Ingle, 75 F.3d 207, 211 (5th Cir. 1996).

Muhammad argues that the defendant violated his First Amendment rights by failing to provide a Muslim library.  Prisons do not have an affirmative duty to provide religious materials or other religious articles free of charge to inmates.  See Frank v. Terrell, 858 F.2d 1090, 1090 (5th Cir. 1988).  Muhammad has not shown that the district court erred in granting the defendant's motion for summary judgment.

AFFIRMED.