**Anthony John WARTMAN and Patricia Ann Wartman, Plaintiffs-Appellants,**

v.

**BRANCH 7, CIVIL DIVISION, COUNTY COURT, MILWAUKEE COUNTY, STATE OF WISCONSIN and Milwaukee Mutual Insurance Company, Defendants-Appellees.**

No. 73–2117.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 17, 1974.

Decided Feb. 6, 1975.

---

Anthony John Wartman, pro se.

Gerard Paradowski, Asst. Corp. Counsel, Milwaukee, Wis., for defendants-appellees.

Before SWYGERT, Chief Judge, and FAIRCHILD and TONE, Circuit Judges.

SWYGERT, Chief Judge.

We consider this appeal, pursuant to Fed.R.App.P. 2, on the basis of the briefs and record alone, and without oral argument.

Plaintiffs allege in a *pro se* complaint that defendants insurance company and court violated the Seventh Amendment because plaintiffs were denied a jury trial in a suit brought against them in the Wisconsin state court by the insurance company. The district court granted plaintiffs leave to proceed in forma pauperis and, on the court's own motion, dismissed the complaint. Thus, the case was dismissed without the issuance of summons in contravention of our recent decision in Nichols v. Schubert, 499 F.2d 946 (7th Cir. 1974).

We note that some difficulties may have resulted from the failure of *Nichols* to discuss United States ex rel. Morris v. Radio Station WENR, 209 F.2d 105 (7th Cir. 1953). *Radio Station WENR* held that in determining whether to allow a complaint to be filed in forma pauperis under 28 U.S.C. § 1915(a)[1] a district

---

1.  28 U.S.C. § 1915(a) provides:

    Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give

court should not consider the merits of the claim, but should grant the motion to proceed in forma pauperis if the affidavit of indigency is sufficient. We went on to hold that the question of whether the complaint presented a meritorious claim could then be examined and the action dismissed pursuant to 28 U.S.C. § 1915(d)[2] if found to be frivolous or malicious. The problem is that under the recent decision in *Nichols* the dismissal of a complaint under such circumstances is prevented until summons has issued in accordance with Fed.R.Civ.P. 4(a). The result of these two decisions is that a district judge must allow an indigent plaintiff the right to have summons issue at no cost no matter how meritless the cause of action may be. Such a result cannot have been intended by either decision.

The question before us then is whether we were correct in our previous holding that section 1915(a) does not give a district judge the discretion to consider the frivolity or malice of an action when ruling upon a motion to proceed in forma pauperis. A close reading of the language of section 1915(a) would support the conclusion that the merits of the claim are to be examined when making the initial determination of whether to grant leave to proceed in forma pauperis. The use of the word "may" indicates that the district judge has some degree of discretion in deciding whether to allow such a motion. This discretion must surely go to the issue of whether the claim is frivolous or malicious, since the only other criterion is the factual determination relating to indigency and on the question of indigency there can be no discretion. Indeed, section 1915(a) requires that the affidavit submitted shall

"state the nature of the action." This requirement would be unnecessary if the merits of the case are irrelevant to a section 1915(a) inquiry.

■ Admittedly, section 1915(d) contains a specific reference to the problem of a malicious or frivolous action and states that the proper procedure is to dismiss, which implies that the case has already been filed. This does not necessarily indicate, however, that the only method of dealing with a frivolous or malicious complaint is to allow leave to proceed in forma pauperis and then dismiss the action. Section 1915(d) can be read to mean (we think correctly) that even though an initial examination did not result in a finding of frivolity or malice, if it should later be determined that the action is frivolous or malicious there may be a dismissal of the complaint. This interpretation is strongly supported by the additional language of section 1915(d) which allows dismissal "if the allegation of poverty is untrue," despite the fact that the indigency question is also cognizable under section 1915(a). The two conditions go hand-in-hand.

Support for our interpretation of the statute can also be found in history. The legislation which, slightly modified, is now section 1915 was enacted in 1892 and was apparently modeled on the old English Statute of Henry VII (Act, 1494, II Hen. 7, c. 12).[3] One of the rules of court implementing this statute required from at least 1744 on that a person seeking admission to sue in forma pauperis have an attorney certify that petitioner "hath good Cause of Action."[4] Thus, the proposition that the merit of an action should be considered before allowing a suit to be prosecuted in forma pauperis

---

security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

**2.** 28 U.S.C. § 1915(d) provides:

The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

**3.** *See* Duniway, The Poor Man in the Federal Courts, 18 Stan.L.Rev. 1271, 1272–73 (1966).

**4.** *See* Maguire, Poverty and Civil Litigation, 36 Harv.L.Rev. 361, 377 (1923).

had deep historical roots by the time our federal statute was enacted.

The leading Supreme Court opinion interpreting the statute in question is Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915). There the issue was whether the plaintiff would be allowed to proceed in the Supreme Court in forma pauperis. In discussing the original language of this statute, which did not encompass appellate proceedings, the Court stated:

> Prior to the amendment of 1910, on the face of the statute three things were certain: (a) that the statute imposed no imperative duty to grant a request to proceed as a poor person, but merely conferred authority to do so when the fact of poverty was established and the case was found not to be frivolous; that is, was considered to be sufficiently meritorious to justify the allowance of the request; . . . .[5]

The Court then said that the 1910 amendment, which added defendants and appeals to the statute's coverage, did not alter this discretion to consider the merits at the initial stage. A separate section allowing the dismissal of a frivolous or malicious action was a part of the statute at that time and, though the language of the statute has changed since Kinney v. Plymouth Rock Squab Co., there is no indication that Congress meant to change this aspect relating to a preliminary consideration of the merits of a forma pauperis complaint.

The cases in the other circuits have generally not explored our specific problem in any depth, and in some instances unrecognized inconsistencies appear to exist. In Prince v. Klune, 80 U.S.App. D.C. 31, 148 F.2d 18 (1945) the District of Columbia Circuit held that the statute was not meant to allow the privilege of commencing without cost a suit plainly without merit. It should be noted, however, that the opinion was based on an interpretation of the language of the statute which at that time contained the phrase "entitled to commence any suit or action." Moreover, a more recent case in that circuit appears to adopt the opposing view. Fulwood v. Clemmer, 111 U.S.App.D.C. 184, 295 F.2d 171, 172, n. 1 (1961).

The Fifth Circuit has implicitly approved the practice of denying leave to proceed in forma pauperis when the action is frivolous or malicious. Startti v. United States, 415 F.2d 1115 (5th Cir. 1969). This is probably also the view of the Sixth Circuit as expressed in Loum v. Underwood, 262 F.2d 866 (6th Cir. 1959), although a later case did quote language referring to the *dismissal* of frivolous or malicious actions, in addition to quoting *Loum.* Foster v. United States, 344 F.2d 698, 699 (6th Cir. 1965).

The Eighth Circuit has squarely held that the preferable procedure is to allow a case to be filed in forma pauperis and then dismiss it if it is frivolous or malicious. Cole v. Smith, 344 F.2d 721, 723 (8th Cir. 1965). The rationale for this position is that it allows a complete record of the proceedings to be made in an orderly fashion. Although we agree that as complete a record as possible is desirable, there need be no difference in this respect between denying leave to file and granting leave but then dismissing in the same order. If leave is denied the case can be given a miscellaneous docket number (if statistics and bookkeeping are a consideration) and a sufficient appellate record would exist.[6] The Ninth Circuit's view would seem to be in accordance with the Eighth's. Brown v. Schneckloth, 421 F.2d 1402 (9th Cir. 1970).[7]

---

**5.** 236 U.S. at 45, 35 S.Ct. at 237.

**6.** We do believe that if there is any doubt as to the merits of the claim then leave to proceed in forma pauperis should be granted and summons should issue. If the matter is later dismissed there at least would be two opposing parties at the appellate level.

**7.** There is also a Ninth Circuit case which stated that leave should be denied if the action is without merit. Smart v. Heinze, 347 F.2d 114 (9th Cir. 1965). *Smart* has never been overruled or distinguished, but the practice in the Ninth Circuit is to use dismissal rather than denial. *See* Diamond v. Pitchess,

**134**

 Most of these cases in the other circuits do not discuss the language or history of section 1915 and we regret to say that we do not find them persuasive authority. We believe that the statutory interpretation and historical analysis we have set out requires the overruling of *Radio Station WENR.* We see no benefit to an indigent in allowing his action to be filed at the same time it is dismissed. Accordingly, in the future, a district judge should deny leave to proceed in forma pauperis if an action is frivolous or malicious. If the motion is granted and the complaint filed, the matter cannot be dismissed until summons has issued. This practice will avoid any conflict between section 1915 and Fed.R.Civ.P. 4(a). We stress, however, that this opinion does not change the stringent standards to be applied in deciding whether a complaint is frivolous or malicious.

In the case before us, however, a remand is unnecessary since the district judge's determination that the complaint is frivolous is correct and leave to proceed in forma pauperis could have been denied. The Seventh Amendment, upon which plaintiffs' claim is grounded, does not apply in state courts. Moreover, the federal district court does not have jurisdiction over the state, and if we assume the judge of the court is intended as the defendant, he is immune from liability for damages. Finally, the only activity of the insurance company which could be considered as being "under color of state law" for the purposes of 42 U.S.C. § 1983 would be its character as plaintiff in the state court action and this would not be sufficient.[8]

The order of the district court is affirmed.[9]

TONE, Circuit Judge, with whom FAIRCHILD, Circuit Judge, joins, concurring.

I concur in the court's opinion, given the present state of the law in this circuit, as stated in the line of cases represented by Nichols v. Schubert, 499 F.2d 946 (7th Cir. 1974). Those cases hold that Rule 4(a), Fed.R.Civ.P., requires issuance of summons even though the complaint is obviously meritless. Because I believe that Rule 4(a) was not intended to require such a procedure, and that the district court has power to dismiss an obviously meritless complaint before summons is issued, I would vote to overrule Nichols v. Schubert and the cases it follows if, to decide this case, we had to reach the question of the district court's power once such a complaint has been filed. Since it is unnecessary to reach that question here, I merely note these views.

---

8. *See* Firnhaber v. Sensenbrenner, 385 F.Supp. 406 (E.D.Wis.1974).

411 F.2d 565 (9th Cir. 1969); Williams v. Field, 394 F.2d 329 (9th Cir. 1968).

The Tenth Circuit also has two cases on the subject that conflict. *Compare* Oughton v. United States, 310 F.2d 803 (10th Cir. 1962) *with* Tidmore v. Taylor, 323 F.2d 88 (10th Cir. 1963).

9. This opinion has been circulated among all judges of this court in regular active service and no judge has voted that the matter of overruling United States ex rel. Morris v. Radio Station WENR be reconsidered *en banc.*