Albert JOHNSON, Petitioner,

v.

Dennis LUTHER, Warden, Metropolitan Correctional Center, et al.,

Respondents.

No. 81 C 1460.

United States District Court,
N. D. Illinois, E. D.

May 28, 1981.

Albert Johnson, pro se.

---

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Petitioner Albert Johnson ("Johnson") is an inmate at the Metropolitan Correctional Center ("MCC") in Chicago, Illinois. Johnson brings this petition for a writ of mandamus under 28 U.S.C. §§ 1361 and 1651 to compel respondents, three prison officials at MCC, to grant him thirty days' furlough to attend the funeral of his brother. Johnson has moved for leave to file in forma pauperis. For the reasons stated in this memorandum opinion and order that motion is denied.

■ Under 28 U.S.C. § 1915(a) a court can permit the filing of a civil action by an indigent party without prepayment of fees or costs. But a court can deny an otherwise qualified applicant leave to file in forma pauperis if the action is clearly frivolous or malicious. *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130, 134 (7th Cir. 1975). After careful review of this pro se petition the Court concludes that Johnson's claim lacks sufficient merit to permit him to file in forma pauperis.

On March 12, 1981 Johnson initiated a formal request for a ten-day furlough to assist his family in making funeral arrangements for the burial of his brother. He submitted a written request to his prison case manager, his unit manager and the warden of MCC. When Johnson failed to receive an answer to his request by the following day, he immediately prepared and filed this petition seeking emergency mandamus relief.

■ Actions in the nature of mandamus under 28 U.S.C. § 1361 are appropriate vehicles for federal prisoners to seek enforcement of constitutional and statutory duties owed to them by federal officials. *Holmes v. United States Board of Parole*, 541 F.2d 1243, 1249 (7th Cir. 1976), *overruled on other grounds, Solomon v. Benson*, 563 F.2d 339 (7th Cir. 1977). But mandamus is an extraordinary remedy and will not issue unless the petitioner has exhausted adequate and available administrative remedies. 541 F.2d at 1247.

■ Clearly Johnson had not exhausted his administrative remedies at the time he submitted his petition. Although the Court appreciates the urgency of Johnson's furlough request, a delay of a single day in responding to a formal request is not sufficient to excuse him from the requirement of exhaustion. Moreover, even had respondents denied Johnson's request, he still would have had recourse to the grievance procedure provided by administrative regulations.[1] *See,* 28 C.F.R. §§ 542.10–.16 (1980).

■ Another more fundamental reason precludes this Court from granting mandamus relief. Mandamus is not appropriate unless Johnson can demonstrate a clear right to the relief sought. *Holmes,* 541 F.2d at 1247 n.5. Johnson has no enforceable right to a furlough. *Smith v. Saxbe,* 562 F.2d 729, 734 (D.C. Cir. 1977); *see, Solomon v. Benson,* 563 F.2d 339, 342–43 (7th Cir. 1977). Congress has committed the decision to grant a furlough to a federal prisoner to the discretion of the Attorney General.[2] In turn the Attorney General has delegated that authority—still a discretionary one—to the Bureau of Prisons, 28 C.F.R. § 96(d). By definition such discretion negates the availability of mandamus.

### Conclusion

Johnson's petition for writ of mandamus presents a clearly frivolous complaint in legal terms. Accordingly his motion for leave to file in forma pauperis is denied.

---

1. Johnson apparently anticipated a negative response to his furlough request because on an earlier furlough he did not return within the time allotted him. Such considerations do not justify a failure to exhaust administrative remedies. Exhaustion of remedies is far more than a technical requirement, for the alternative of judicial relief is a dubious haven at best. Given the necessary delay in such a new case first reaching a federal judge and being brought to his attention, the volume of emergency matters (let alone the regular grist for the judicial mill) and the time needed to ascertain the law without the assistance of counsel, the risk is great that a claim like Johnson's will simply perish for mootness.

2. 18 U.S.C. § 4082(c)(1) provides:

(c) The Attorney General may extend the limits of the place of confinement of a prisoner as to whom there is reasonable cause to believe he will honor his trust, by authorizing him, under prescribed conditions, to—

(1) visit a specifically delegated place or places for a period not to exceed 30 days and return to the same or another institution or facility. An extension of limits may be granted to permit a visit to a dying relative, attendance at the funeral of a relative, the obtaining of medical services not otherwise available, the contacting of prospective employers, or the establishment or reestablishment of family and community ties or for any *other significant reason consistent with the public interest* . . . .