Paul H. NEAL, Plaintiff,

v.

Harold MILLER, Defendant.

Civ. No. 82–4027.

United States District Court,
S. D. Illinois.

July 7, 1982.

Paul H. Neal, pro se.

Richard H. Lloyd, Asst. U. S. Atty., East St. Louis, Ill., for defendant.

### ORDER

FOREMAN, Chief Judge:

Before the Court is an order denying plaintiff's application for leave to proceed in forma pauperis, entered pursuant to 28 U.S.C. § 1915(d) by United States Magistrate Kenneth J. Meyers. Plaintiff's claim was found frivolous and clearly without merit. Plaintiff has filed with the Court numerous motions attacking the denial. Before reviewing the propriety of the denial, a discussion of the Court's jurisdiction is necessary.

### I.

■ Denial of leave to proceed in forma pauperis on grounds of frivolity is permissible prior to the issuance of summons. This circuit's treatment of in forma pauperis applications was reviewed in *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130 (7th Cir. 1975). In *Wartman*, the Court expressly overruled its earlier decision in *United States ex rel. Morris v. Radio Station WENR*, 209 F.2d 105 (7th Cir. 1953), which held that in determining whether to allow a complaint to be filed in forma pauperis under § 1915(a), a district court should not consider the merits of the claim, but should grant the motion to proceed in forma pauperis if the affidavit of indigency is sufficient. The *Radio Station WENR* decision went on to hold that the question of whether the complaint presented a meritorious claim should then be examined and the action dismissed pursuant to § 1915(d) if found to be frivolous or malicious. In overruling this procedure, the Court in *Wartman* recognized the illogic of authorizing a dismissal on grounds of frivolity only after summons has issued pursuant to Rule 4(a) of the Federal Rules of Civil Procedure. The Court expressly mandated the procedure to be followed:

Accordingly, in the future, a district judge should deny leave to proceed in forma pauperis if an action is frivolous or malicious. If the motion is granted and the complaint filed, the matter cannot be dismissed until summons has issued. This practice will avoid any conflict between section 1915 and Fed.R.Civ.P. 4(a).

*Wartman, supra*, 510 F.2d at 134. Although the Court was expressly authorizing a "frivolous and malicious" determination under § 1915(a), the teaching of *Wartman* is clear. Denying leave to proceed on grounds of frivolity, a criterion specifically within the ambit of § 1915(d), is permissible before summons is issued.

■ While authorizing a denial on grounds of frivolity before summons is issued, the *Wartman* decision did not address the question of a magistrate's authority to make that determination without the district court's adoption. In the Court's opinion, the magistrate's order denying plaintiff leave to proceed in forma pauperis on grounds of frivolity, § 1915(d), should be treated as a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

At issue is whether a magistrate's order under § 1915(d) falls within § 636(b)(1)(A) or (B). Section 636(b)(1)(A) authorizes a magistrate to hear and determine:

any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). Section 636(b)(1)(B) authorizes the district judge to designate a magistrate to hear the matters excepted in § 636(b)(1)(A). In such a case, the magistrate is to submit to the district judge a report and recommendation for final disposition. A reading of § 636(b)(1)(A) and (B) clearly indicates that dispositive determinations are delegated to the district judge.

Dismissal on grounds of frivolity and maliciousness is by nature a dispositive ruling, falling within § 636(b)(1)(B). A determination of frivolity and maliciousness necessarily involves an analysis of the merits of the asserted claim. Such determinations are for the district judge to make, by way of initial consideration or by reviewing the magistrate's Report and Recommendation.

This conclusion is buttressed by recommendations of the Federal Judicial Center's Prisoner Civil Rights Committee. In discussing the function of the magistrate in regards to a dismissal under § 1915(d) on grounds of frivolity and maliciousness, the Committee recommended:

> The Magistrate may submit to the Judge a report and recommendation for disposition. The original of the Magistrate's report and recommendation will be filed with the clerk and a copy mailed by the Magistrate to the plaintiff and any party who has been served, with notice that objections thereto may be filed within ten days. Upon receipt and after consideration of any exceptions or objections from the plaintiff, the Magistrate will submit to the Judge a proposed order of disposition.

*Recommended Procedures for Handling Prisoner Civil Rights Cases in Federal Courts* 59 (1980). The Court recognizes that the Committee recommends that denials under § 1915(a) by a magistrate can be appealed, according to local rules, to the district judge. *Recommended Procedures, supra,* at 54. However, in making this recommendation as to the magistrate's function, the Committee viewed denials under § 1915(a) as turning solely on the economic status of the plaintiff, rather than the merits of the claim. As noted, this view of § 1915(a) was rejected by the Seventh Circuit in *Wartman.* But given the Committee's suggestions as to the magistrate's different roles under §§ 1915(a) and (d), it is clear that it views a dismissal on grounds of frivolity and maliciousness a dispositive ruling and subject to the procedures of § 636(b)(1)(B). Accordingly, the Court treats the magistrate's denial of leave to proceed in forma pauperis as a Report and Recommendation.

## II.

In his complaint, plaintiff, an inmate at the United States Penitentiary at Marion, Illinois, alleges that prison officials are violating his rights under the Eighth Amendment. He alleges that prison officials are intentionally torturing him in hopes he will commit suicide. Specifically, plaintiff alleges that wires and metal conductors, operated by remote control, have been implanted throughout his entire body. He states that defendant operates the remote control device, causing him extreme mental and physical pain. The heat from the wires allegedly have burned holes in various parts of his body, resulting in waste pouring from his intestines and stomach. Plaintiff requests injunctive relief and damages in the sum of $10,000,000.

On February 8, 1982, United States Magistrate Kenneth J. Meyers ordered the plaintiff to submit a detailed factual statement of what, when, where and how the acts and conduct alleged occurred, along with the named defendant's involvement. Further, plaintiff's medical records were ordered.

On April 19, 1982, Magistrate Meyers denied plaintiff leave to proceed in forma pauperis. As grounds, plaintiff's medical records were examined along with x-rays taken on the day the order was entered. Plaintiff was denied leave under § 1915(d) because his claim "is frivolous and clearly without any merit."

After reviewing the record, the Court agrees with Magistrate Meyers' conclusion. Plaintiff's claim is wholly without merit. Plaintiff objects by stating that the x-ray examination was not performed by unbiased personnel. The Court views this objection unpersuasive. Plaintiff's contentions, if sincere, are wholly illusory.

Accordingly, the Court hereby ADOPTS the Report and Recommendation of United States Magistrate Kenneth J. Meyers. Leave to proceed in forma pauperis is hereby DENIED.

IT IS SO ORDERED.