**Linda ZISES, Plaintiff,**

v.

**DEPARTMENT OF SOCIAL SERVICES OF the HUMAN RESOURCES ADMINISTRATION OF the CITY OF NEW YORK, and Enrico Flores, individually and as District Director, Defendants.**

**No. 84 C 4492.**

United States District Court,
E.D. New York.

Oct. 16, 1986.

---

Sidney L. Meyer (Scott J. Steiner, of counsel), New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York (Norma A. Cote, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 72(a), to set aside Magistrate Caden's order of January 7, 1986 dismissing plaintiff's complaint with prejudice. The magistrate issued this order pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) as a sanction for plaintiff's willful and contumacious noncompliance with a September 18, 1985 discovery order for production of documents in plaintiff's possession.

Plaintiff brought this action in November 1984 under Title VII of the Civil Rights Act of 1964 and the common law, alleging that defendants committed numerous acts of sexual harassment, discrimination and retaliation against her over a four-year period from 1980 to 1984. Defendants have employed plaintiff for over twenty years and continue to do so.

On February 26, 1985, plaintiff revealed during her deposition that for a number of years, including most of the period of the alleged discrimination, she kept an "extensive journal," writing from twenty to thirty pages daily. She described her entries as "practice writing," written in a "stream of unconscious becoming conscious" style to hone her skills as a budding author (Plaintiff's deposition at 175–76). When asked by counsel whether she ever wrote in her journals about her grievances, plaintiff testified as follows: "I wrote about the process, the feelings I had in being in the office ... what was going on, because I wanted to be able to stop it [the discrimination]" (*Id.* at 179). The next day defense counsel formally demanded production of the journals.

On March 18, 1985 plaintiff sought a protective order against production of the journals. At a pretrial conference before Magistrate Caden on March 21, however, plaintiff's counsel said he had never seen the journals and could not offer an informed opinion of their relevance to the action. Magistrate Caden then instructed plaintiff's counsel to obtain the journals from plaintiff, review them, and report to the court on their nature and subject matter. Resumption of the deposition was stayed.

At the next pretrial conference, three and a half months later on July 8, 1985, plaintiff's counsel reported that he had been unable to review the diaries because plaintiff had informed him that she could not find them. A skeptical Magistrate Caden then offered plaintiff another chance to turn the journals over to her counsel, but warned that if she did not do so in the course of the following few weeks he would either order her to produce them or contemplate an order of preclusion against

her. The magistrate set a September 30 deadline for the completion of discovery.

At the next pretrial conference, two and a half months later on September 17, 1985, scheduled at the behest of defendants' counsel, counsel to plaintiff's attorney reported that the attorney had seen "some" of the journals and had asked plaintiff for "more." Although unable to say how much of the journals had been reviewed and unable to describe their contents, counsel reported that what had been seen contained nothing relevant to the action.

Thus fully six months after his first order concerning the journals, the magistrate had not been informed as to how extensive they were, how much of them plaintiff's attorney had seen, or what they contained. The magistrate then issued an order on September 18, 1985 directing plaintiff to produce all of the journals to defendants' counsel shortly before the resumption of her deposition. Discovery was extended to October 30.

Counsel for both parties subsequently agreed that the journals would be produced on October 17, four days before plaintiff's deposition was scheduled to resume. On October 15, however, plaintiff's counsel told defendants' counsel that plaintiff had decided to withdraw her suit rather than produce the journals and that plaintiff's counsel had already served a notice of dismissal by mail. Plaintiff's unilateral notice, however, did not purport to dismiss this action with prejudice, and in any case was not effective absent defendant's consent. Fed.R.Civ.P. 41(a). Not surprisingly, defendants' counsel refused to consent unless the dismissal was with prejudice.

October 17 came and went, and although plaintiff argues that she was anticipating a negotiated voluntary dismissal, she at no time sought relief from Magistrate Caden's order. Defendants thereafter made the motion, pursuant to Rule 37(b)(2)(C), for dismissal of this action with prejudice and for an award of costs and attorney's fees. Plaintiff cross-moved, pursuant to Rule 41(a)(2), for dismissal without prejudice.

Magistrate Caden's order of January 7, 1986 granted defendants' motion to dismiss plaintiff's complaint with prejudice and denied both defendants' motion for an award of attorney's fees and costs and plaintiff's cross-motion. The magistrate noted that plaintiff had been "more than unduly resistant to providing her diaries," and that her refusal to obey his September 18, 1985 order was "both willful and contumacious." He observed that this was the second time in the litigation that plaintiff had withdrawn a claim rather than comply with a court order to produce documents. On July 12, 1985 the magistrate had ordered her to produce the psychiatric and medical records upon which she based her claims of mental and emotional distress. Rather than produce such records, plaintiff had served on July 17 an amended complaint in which all claims of mental and emotional distress had been deleted.

This appeal of the magistrate's order of January 7, 1986 followed, although not until plaintiff's counsel had erroneously permitted the ten-day period allowed by Rule 72 for filing objections to a magistrate's order to pass in the mistaken impression that Rule 74(a)'s thirty-day period was controlling. This court's order of July 15, 1986 allowed plaintiff to file late objections.

### I.

Initially, the court considers the standard by which to review the magistrate's order of January 7, 1986. Plaintiff's motion is made pursuant to Rule 72(a) and requests the court to set aside the order as "clearly erroneous."

The reference by the court to the magistrate was made pursuant to Title 28 U.S.C. § 636(b)(1)(A), which provides that a magistrate shall have authority to decide any pretrial matter with the exception of a motion "to involuntarily dismiss an action" and seven other motions not relevant here. Under this section, a district court judge may reconsider a magistrate's order where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). By contrast, section 636(b)(1)(B) requires a "de novo deter-

mination" by the judge where the magistrate has made findings or recommendations with respect to one of the eight "excepted" motions and a party has filed objections thereto.

There is little question but that discovery-related motions, including motions for sanctions pursuant to Rule 37, generally fall within the scope of section 636(b)(1)(A)'s coverage of pretrial matters. *See, e.g., Feder Trading Corp. v. Hoffman,* No. 80 Civ. 3413 (S.D.N.Y. May 24, 1982) [Available on WESTLAW, DCTU database]; *Pantone, Inc. v. Hertz Autovermietung, GmbH,* No. 77 Civ. 1828 (S.D.N.Y. July 8, 1981). But where the sanction is dismissal of a complaint with prejudice, section 636(b)(1)(A)'s exception for motions "to involuntarily dismiss an action" would appear to apply. The court would then have to treat a magistrate's order dismissing a complaint with prejudice merely as a recommendation pursuant to section 636(b)(1)(B) and, if objected to by a party, apply a de novo standard of review.

Rule 72 of the Federal Rules of Civil Procedure, which sets forth the procedures for objecting to a magistrate's pretrial order or recommendation, confirms this interpretation. Rule 72 divides pretrial matters into two categories and ostensibly tracks the distinctions of section 636(b)(1). *See* Notes of Advisory Committee on Rule 72. But the Rule does not create a general rule and eight exceptions as does section 636(b)(1). Instead, Rule 72(a) speaks to pretrial matters "not dispositive of a claim or defense of a party" while Rule 72(b) governs pretrial matters that are so dispositive. The former invokes a "clearly erroneous or contrary to law" standard of review while the latter requires "a de novo determination."

Dismissal with prejudice is res judicata and would seem to be dispositive within the meaning of Rule 72 and therefore to require de novo review. Although at least one court has been willing to apply a "clearly erroneous" standard ·of review in such an instance by reading "dispositive" to refer only to a decision that reaches the merits, *see Devore & Sons, Inc. v. Aurora Pacific Cattle Co.,* 560 F.Supp 236 (D.Kan. 1983), this court respectfully declines to follow this approach. Certainly there are practical arguments that the magistrate should have the full panoply of Rule 37 sanctions to maintain effective control of the discovery process, but requiring de novo review by the district court where the sanction extends to dismissing a complaint with prejudice does not seriously impair this goal.

Finally, it seems apparent under the Constitution that a magistrate does not have Article III authority to effect an involuntary dismissal of an action brought in district court. *See, e.g. Donovan v. Gingerbread House, Inc.,* 106 F.R.D. 57 (D.Colo. 1985). Thus this court would apply a de novo standard of review to the magistrate's order of January 7, 1986 even if the language of section 636(b)(1) and Rule 72 were less clear.

## II.

Federal Rule of Civil Procedure 37(b)(2)(C) provides that the court may dismiss an action where a party has failed to obey an order to provide discovery. Although a harsh sanction, dismissal is available to the district court both to penalize a party whose conduct is egregious and to deter those who might be tempted to engage in similar conduct. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam). Dismissal also serves to prevent undue delays in the disposition of pending cases and to avoid congestion in the court's calendars. *Penthouse International, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 386 (2d Cir. 1981).

Dismissal is not warranted where a party has made a good faith effort to comply with a production order or, for a legitimate reason, has literally been unable to comply. Rather, dismissal as a sanction is appropriate only when noncompliance with the discovery order is due to "willfulness, bad faith, or any fault" on the part of

the disobedient party. *Societe International pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958). "Fault" in this context extends to at least gross negligence. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1067 (2d Cir.1979).

Here, plaintiff's failure to produce her journals as required by the order of September 18, 1985 warrants the sanction of dismissal with prejudice. She had numerous opportunities over six months to demonstrate that she should not have to produce her journals. Plaintiff no longer claims that she cannot find the documents. It is clear from her moving papers that she has willfully and contumaciously chosen not to produce them: "[P]laintiff could not see her way clear to providing defendant with several years worth of intimate, personal writings.... Plaintiff should not be sanctioned because of her decision to withdraw her claim rather than suffer the humiliation and intrusion [of] turning over thousands of pages of her most intimate writings...." (Plaintiff's brief at 3, 6).

Disagreement with the court's discovery order is not a ground for noncompliance. Plaintiff had many chances to turn over her materials to the court for review so that the court would have a reasoned basis for issuing or denying a protective order. This she chose not to do, and she may not now relitigate the propriety of the court's order that ensued.

Plaintiff's unilateral attempt to withdraw this suit did not relieve her of the obligation to produce her journals. Her counsel's notice of withdrawal was ineffective in the absence of either her adversary's consent or an order of the court. Fed.R. Civ.P. 41. Plaintiff claims that this was good faith error. In light of the entire record of this case, *see National Hockey League, supra,* 427 U.S. at 642, 96 S.Ct. at 2780, the court does not agree. Plaintiff could have sought relief from Magistrate Caden's order. She was not entitled to ignore it in anticipation of a negotiated dismissal.

The court also cannot ignore the extent to which defendants will be prejudiced were the court to allow a dismissal without prejudice. *See, e.g., International Mining Co. v. Allen & Co.,* 567 F.Supp. 777, 788 (S.D.N.Y.1983). Defendants, having invested more than six months in the discovery process and having obtained a court order for the production of relevant documents, should not have to start over, without benefit of the production order, because plaintiff finds it inconvenient or embarrassing to comply with her current discovery obligations.

Magistrate Caden imposed a sanction expressly permitted by the Federal Rules of Civil Procedure for failure to comply with a discovery order of which the party had proper notice and only after a full opportunity to argue the case against the proposed sanction was afforded. *Cf. United States Freight Co. v. Penn Central Transportation Co.,* 716 F.2d 954 (2d Cir.1983) (per curiam). The sanction was appropriate even under a de novo standard of review.

Plaintiff's motion to set aside Magistrate Caden's order of January 7, 1986 dismissing her complaint with prejudice is denied. The court treats the magistrate's order as a report and recommendation and adopts it in full.

So ordered.