Scott Sumner SEGAL, and Robin Davis, Plaintiffs,

v.

L.C. HOHNE CONTRACTORS, INC., Ta/Hohne Pools, a Maryland corporation, Defendant.

No. CIV.A. 2:02–1260.

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 22, 2004.

David Allen Barnette, Mark D. Clark, and Christina T. Brumley, Jackson Kelly, Charleston, WV, For Plaintiffs Scott Sumner Segal and Robin Davis.

John C. Yoder, Harpers Ferry, WV, Matthew G. Hjortsberg, and Robert Bowie, Jr., Bowie & Jensen, Towson, MD, For Defendant L.C. Hohne Contractors, Inc. t/a Hohne Pools.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the court is the plaintiffs' motion for entry of default judgment and sanctions [Docket 106]. The matter was referred to Magistrate Judge Mary E. Stanley. Magistrate Judge Stanley treated the plaintiffs' motion as dispositive under Federal Rule of Civil Procedure 72(b) and issued proposed findings and a recommendation that the court deny the plaintiffs' motion [Docket 123]. The plaintiffs timely filed objections to the findings and recommendation by the Magistrate Judge [Docket 126]. For the reasons that follow, the court **AFFIRMS** Magistrate Judge Stanley's findings.

### I BACKGROUND

The plaintiffs, Scott Sumner Segal and Robin Davis, hired the defendant, L.C. Hohne Contractors, Inc. (Hohne), to construct a "vanishing edge" pool on the

plaintiffs' property. This breach of contract case arises from the defendant's allegedly deficient construction of the pool. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. The motion for entry of default judgment and sanctions presently before the court is the latest in a series of discovery disputes between the parties. In their motion, the plaintiffs claim that the defendant gave false answers to interrogatories, testified falsely in response to deposition questions, attempted to conceal a witness, and attempted to create an unwarranted presumption of its expertise in constructing vanishing edge pools. *See generally* Plaintiffs Scott Sumner Segal and Robin J. Davis' Motion for Entry of Default Judgment and Sanctions [Docket 106].

The plaintiffs' motion was referred to Magistrate Judge Stanley, who determined that each of the plaintiffs' allegations was without merit. Proposed Findings and Recommendation (PF & R) [Docket 123] at 11. Further, the Magistrate Judge found that the plaintiffs' motion was neither substantially justified nor procedurally proper.[1] *Id.* at 11–13. Accordingly, Magistrate Judge Stanley recommended that I deny the plaintiffs' motion. *Id.* at 13.

The plaintiffs lodge objections to the following three findings of the Magistrate Judge: (1) that the plaintiffs have failed to show that Gary Hohne, the president of the defendant company Hohne, gave false deposition testimony; (2) that the plaintiffs have failed to show that the defendant attempted to conceal the whereabouts of its former employee, Cliff Daugherity; and (3) that the motion for default judgment was neither procedurally proper nor substantially justified. Plaintiffs Scott Sumner Segal and Robin J. Davis' Objections to the Proposed Findings and Recommendation of Magistrate Judge Filed September 11, 2003 (Plaintiffs' Objections) [Docket 126] at 2. The plaintiffs ask that I reject these findings and grant their motion for default judgment as a sanction for the alleged discovery abuses. *See id.* Each of the plaintiffs' objections is discussed below.

## II STANDARD OF REVIEW

As an initial matter, the defendant raises the question of which standard of review should be applied to the decision of the Magistrate Judge. A magistrate judge has the power to consider both non-dispositive and dispositive pre-trial motions, subject to two different standards of review by a district court judge. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72. Therefore, the standard of review I must apply depends upon whether the plaintiffs' motion for entry of default judgment and sanctions is dispositive or non-dispositive.

The different treatment of dispositive and non-dispositive motions is best understood by a review of the authority upon which this distinction is based. The Magistrates Act, codified at 28 U.S.C. § 636, permits a district court judge to refer cer-

---

1. Before filing a motion for sanctions, Federal Rule of Civil Procedure 37 requires that parties confer in good faith to come to agreement over discovery disputes and then, if necessary, a party may file a motion to compel. Here, however, the Magistrate Judge found that the parties filed the motion for sanctions without first taking these required steps. *Id.* at 12–13. Under the terms of an agreement formed by the parties prior to the commencement of this

action, the prevailing party in an action between the parties is entitled to payment of attorneys' fees. Given that she found the motion to be neither procedurally proper nor substantially justified, Magistrate Judge Stanley recommended that the court exclude from the fee award the costs of bringing this motion if the plaintiffs should prevail in this case. As noted below, I find that this is an issue better left for later.

tain matters to a magistrate judge for determination. Section 636(b)(1)(A) gives magistrate judges the authority to "hear and determine any pretrial matter pending before the court," with the exception of motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). Subsection (A) further states that a district court judge "may reconsider any pretrial matter [decided by a magistrate judge under this subsection] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." [2] *Id.*

Section 636(b)(1)(B) provides that in regard to the eight motions expressly excepted under § 636(b)(1)(A), a magistrate judge may conduct hearings and submit to the district court judge proposed findings of fact and a recommendation for disposition.[3] *Id.* at § 636(b)(1)(B). Upon a party's objection, § 636(b)(1)(B) requires that the district court conduct a *de novo* review of those portions of the proposed findings and recommendation to which objection is made. *Id.* Thus, § 636(b)(1) of the Magistrates Act distinguishes between dispositive and non-dispositive motions by requiring a higher standard of review for those listed pre-trial motions that are considered to be dispositive. *See id.*

■ This distinction is one of constitutional significance. The United States Constitution requires that Article III

judges exercise final decision-making authority, and therefore, a district court judge must make the final determination on dispositive matters. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir.1988) (citing *United States v. Raddatz*, 447 U.S. 667, 683, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). After the Magistrates Act was amended to include § 636(b)(1), courts recognized the constitutional concern underlying its provisions and, as a result, did not confine the application of § 636(b)(1)(B) to the eight listed motions. *See* 12 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 (2d.1997). Rather, courts considered whether the nature of a motion was dispositive, regardless of whether the motion actually appeared on the list. *See, e.g., Long v. Lockheed Missiles and Space Co.*, 783 F.Supp. 249, 250 (D.S.C.1992); *Neal v. Miller*, 542 F.Supp. 79, 81 (S.D.Ill.1982). If a motion was determined to be dispositive in nature, a magistrate judge could not exercise decision-making power, but could only issue findings and a recommendation as provided by § 636(b)(1)(B). *See id.* The district court would accordingly conduct a *de novo* review of those findings upon a party's objection. *See id.*

Federal Rule of Civil Procedure 72 was passed to implement 28 U.S.C. § 636(b)(1). *See* Wright & Miller, *supra*, § 3068. The drafters of the rule were aware that courts applying § 636(a)(1)(B) generally considered the nature of pending motions to determine whether they were dispositive rather than merely adhering to the given list. *See id.* at § 3068.2. As a result, Rule 72 sets forth no list of "dispositive" mo-

**2.** Subsection A does not specifically provide for objection by a party to a magistrate judge's order. The objection procedures for orders on non-dispositive matters were subsequently included in Federal Rule of Civil Procedure 72(a), which is discussed below.

**3.** Subsection B also applies to certain petitions for post-trial relief which are not relevant to the court's present inquiry.

tions, but instead is based upon the dispositive/non-dispositive distinction long followed by the courts. *See* Fed.R.Civ.P. 72. Rule 72(a) provides that a magistrate judge may enter an order on a non-dispositive matter and if a party objects to the order, a district court judge must review it for clear error. *Id.* Rule 72(b) provides that for dispositive motions, a magistrate judge may only submit proposed findings and a recommendation to the district court judge and, upon a party's objection, the district court judge must conduct a *de novo* review of those portions of the findings and recommendation to which objection is made. *Id.* By requiring courts to consider the nature of a motion instead of providing a list of dispositive motions, Rule 72 "permits the courts to reach common-sense decisions rather than becoming mired in a game of labels." Wright & Miller, *supra,* § 3068.2.

The plaintiffs have labeled their motion a Motion for Entry of Default Judgment and Sanctions. Magistrate Judge Stanley treated the motion as a dispositive motion, and therefore, submitted findings and a recommendation to the court. *See* Fed. R.Civ.P. 72(b). The defendant asserts that the court should review this motion based on discovery violations for clear error rather than conducting a *de novo* review. Defendant L.C. Hohne Contractors, Inc.'s Opposition to Scott Sumner Segal and Robin J. Davis' Objections to Magistrate Judge Mary E. Stanley's Proposed Findings and Recommendation (Defendant's Opposition to Objections) [Docket 129] at 2.

In effect, the plaintiffs are asking the court to sanction the defendant *in some way* for its alleged discovery abuses. Federal Rule of Civil Procedure 37(b)(2) gives this court power to impose any sanction that is just, with default judgment being the most severe sanction. Although the plaintiff may ask the court to impose the most severe of sanctions, it is for the court to decide which sanction, if any, is appropriate.[4] Therefore, a motion for "default judgment" based on alleged discovery violations is nothing more than an optimistically labeled motion for sanctions. Clearly, a case is not disposed of if a sanction other than default judgment is granted or if the motion for sanctions is denied. However, in the rare situation where default judgment is *actually imposed* as a sanction, the motion for sanctions becomes dispositive of the case. In that situation, Federal Rule of Civil Procedure 72 provides, and the Constitution requires, that the district court judge undertake *de novo* review of that determination upon objection. Accordingly, I **FIND** that when a party brings any motion for sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies. *See Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519 (10th Cir.1995). To conclude otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review.

The courts that have considered this issue agree. *See Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 6 (1st Cir.1999)

---

4. A district court, of course, has circuit precedent as a guide for imposing sanctions. The Fourth Circuit has held that factors to consider in determining what sanctions to impose include: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. *Anderson v. Found. for Advancement, Educ. & Empl. of Am. Indians,* 155 F.3d 500, 504 (4th Cir.1998) (citing *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503–05 (4th Cir.1977)).

(holding that motions for sanctions premised on alleged discovery abuses are generally non-dispositive, but that "departure from this general rule may be necessary in those instances in which a magistrate judge aspires to impose a sanction that fully disposes of a claim or defense"); *Gomez,* 50 F.3d at 1519 (finding that the penalty imposed controls the scope of the magistrate judge's authority); *Hoar v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990) (explaining that *imposition* of sanctions under rule 37 controls the standard of review); *Ocelot Oil Corp.,* 847 F.2d at 1462 (finding that a magistrate judge's decision on a motion for sanctions dictates which standard of review should apply); *FEC v. Christian Coalition & Christian Broad. Network, Inc.,* 178 F.R.D. 456, 459–60 (E.D.Va.1998) (reviewing magistrate judge's discovery order under a clearly erroneous standard where the magistrate judge did not issue an order dispositive of the action).

In an unusual opinion, *Knox v. Hayes,* the validity of the approach I adopt here was questioned. *See* 933 F.Supp. 1573 (S.D.Ga.1995). In *Knox,* the district court reviewed a magistrate judge's order denying the plaintiff's motion to strike the defendant's answers for clear error. *Id.* at 1575–76. The court, citing the authority discussed above, reasoned that review for clear error, rather than *de novo* review, was appropriate because the magistrate judge did not issue an order disposing of the case. *Id.* at 1575. The court made its holding reluctantly, however, and included a lengthy footnote criticizing the very authority upon which it relied. *Id.* at 1576. The court noted that focusing on the sanc-

tion imposed rather than the sanction sought "unfairly prejudices those filing dispositive discovery motions." *Id.* Further, the court suggested that an analysis which focuses upon the sanction imposed is incorrect because, taken to its logical conclusion, it would mean that a court should not apply *de novo* review to denials of motions for summary judgment, but only to recommendations by magistrate judges which grant these motions. *See id.*

This criticism fails to take account of the principle behind Federal Rule of Civil Procedure 72 that a court must look to the nature of a motion rather than its label in determining the standard of review to apply. It appears that the *Knox* court may misapprehend this principle because it uses the term "dispositive discovery motion." *See id.* As noted, motions for sanctions are not dispositive by nature, regardless of the label. There is a clear difference between the potential dispositive power, rarely wielded,[5] of a motion for sanctions and the inherent dispositive nature of a motion for summary judgment. The commonsense approach advocated by Federal Rule of Civil Procedure 72 presumes that courts will recognize this difference and review the findings of a magistrate judge accordingly. Therefore, I think it proper to review the Magistrate Judge's denial of the plaintiffs' motion for sanctions for clear error.

## III THE PLAINTIFFS' OBJECTIONS

■ The plaintiffs first object to the Magistrate Judge's finding that the plaintiffs have failed to establish that Gary Hohne gave false deposition testimony.

---

5. *See, e.g., Wilson v. Volkswagen of Am.,* 561 F.2d 494, 504 (4th Cir.1977) (finding that default judgment is appropriate only in "that rare case where the conduct represents such flagrant bad faith and callous disregard of the party's obligation under the Rules as to warrant the sanction not simply for the purpose

of preventing prejudice to a discovering party but as a necessary deterrent to others." (internal citations omitted)); *Buckeye Union Ins. Co. v. Boggs,* 109 F.R.D. 420, 421–22 (S.D.W.Va.1986) (citing *Wilson,* 561 F.2d at 503–05).

Plaintiffs' Objections at 5. The plaintiffs point out that Gary Hohne testified that the only time he was "personally sued" was when he was sued for divorce, but that upon independent investigation, they discovered that Mr. Hohne was named as an individual defendant at least four times in lawsuits against Hohne Contractors.[6] *See id.* The defendant responds that Mr. Hohne could have reasonably understood the question about being sued individually to refer to lawsuits over personal, rather than business matters. Defendant's Opposition to Objections at 6. The defendant argues that Mr. Hohne, as a lay person, cannot be expected to make a distinction between being sued in his individual capacity over matters for which he is personally liable and being sued incorrectly in his individual capacity over business matters for which he is not personally liable. *Id.* Magistrate Judge Stanley found that although Mr. Hohne's answer to the question about being "personally sued" was technically incorrect, sanctions were not appropriate because the question could reasonably have been misunderstood. *See* PF & R at 7–8. The court concludes that this finding was not clearly erroneous.

■ Secondly, the plaintiffs object to the Magistrate Judge's finding that they failed to show that the defendant attempted to conceal the whereabouts of its former employee and "critical" witness, Cliff Daugherity. *See* Plaintiffs' Objections at 8–9. The plaintiffs maintain that in light of the fact that Mr. Daugherity's recollection of events is allegedly inconsistent with Hohne's defense and because the defendant had means of locating Mr. Daugherity that were not disclosed to the plaintiffs, the defendant has attempted to hide a critical witness. *Id.* In support of this

allegation, the plaintiffs argue that the defendant's Rule 26(a) discovery disclosures provided the plaintiffs only with a post office box address and otherwise out of date information about Mr. Daugherity. *Id.* at 8. The plaintiffs also point out that the defendant represented that it had no further information regarding Mr. Daugherity's whereabouts. *Id.* The plaintiffs later discovered that Mr. Daugherity could have been reached by other employees of the defendant who had personal relationships with him, that counsel for the defendant could have contacted Mr. Daugherity through one of Hohne's employees, that the defendant previously mailed Mr. Hohne's tax forms to an address not disclosed to the plaintiffs, and that the defendant knew that Mr. Daugherity was working for a certain pool company in the Baltimore area. *Id.* at 8–9.

Federal Rule of Civil Procedure 26(a) requires that a party provide the name and, if known, the last address and telephone number for all individuals who are likely to have discoverable information that the disclosing party may use to support its claims or defenses. The defendant contends that it complied with this rule when it provided the plaintiffs with Cliff Daugherity's name and his last known address. Defendant's Opposition to Objections 4–5. The defendant maintains that it did not provide alternative addresses or a phone number for Mr. Daugherity because Hohne had no further information about Mr. Daugherity's current whereabouts. *Id.* The Magistrate Judge found that the defendant did not attempt to conceal the whereabouts of Mr. Daugherity. PF & R at 10. I conclude that this finding was not clearly erroneous.

---

6. The plaintiffs also allege that during his deposition, Gary Hohne falsely stated that he had once testified as an expert witness. Plaintiffs' Objections at 5–7. The plaintiffs did not raise this issue in their original motion. Given that discovery matters are by order referred to the magistrate judge, I decline to address this issue.

Finally, the plaintiffs object to the Magistrate Judge's finding that their motion for sanctions was neither procedurally proper nor substantially justified and the resulting recommendation that if the plaintiffs should prevail in this action, the defendant should not be required to pay the plaintiffs' costs of bringing their motion for sanctions. Plaintiffs' Objections at 10–12; PF & R at 13. I **FIND** that a decision on attorney fees is premature and I decline to address the matter.

## IV CONCLUSION

I **FIND** that a magistrate judge's decision on any motion for sanctions based on alleged discovery abuses shall be reviewed based upon the sanction chosen by the magistrate judge, rather than the sanction sought by the party. If the sanction chosen does not dispose of the case, the magistrate judge may enter an order pursuant to Rule 72(a) and upon objection, the district court judge will review the order for clear error. I **FIND** that Magistrate Judge Stanley's decision to reject the plaintiffs' request for imposition of sanctions was not clearly erroneous and accordingly, I **AFFIRM** her decision to reject sanctions.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and **DIRECTS** the Clerk to post this published opinion at *http://www.wvsd.uscourts.gov.*