David **FLORENCE**, Plaintiff,

v.

**E.R. STANBACK, et al., Defendants.**

**No. CV 07–8184 RSWL (FMO).**

United States District Court,
C.D. California.

March 23, 2009.

David Florence, Represa, CA, pro se.

Mina K. Choi, CAAG Office of Attorney General, Los Angeles, CA, for Defendants.

### ORDER Re: MOTION FOR RECONSIDERATION

RONALD S.W. LEW, Senior, District Judge.

The Court has reviewed and considered defendants' Motion for Reconsideration and concludes that oral argument is not necessary to resolve this motion. *See* Fed. R.Civ.P. 78; Local Rule 7–15; *Willis v. Pac. Mar. Ass'n,* 244 F.3d 675, 684 n. 2 (9th Cir.2001, *as amended* Mar. 27, 2001).

On June 9, 2008, defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"). On October 6, 2008, the Magistrate Judge denied the Motion to Dismiss without prejudice. (Court's Order of October 6, 2008, at 13). On February 23, 2009, more than four months after the Magistrate Judge denied defendants' Motion to Dismiss, defendants filed a Motion for Reconsideration, together with a Memorandum of Points and Authorities in Support· of the Motion ("Motion").

Defendants contend that "the Magistrate Judge lacks jurisdiction to issue a dispositive order deciding Defendants' Motion to Dismiss." (Motion at 2) (capitalization and bold omitted). Defendants assert that they "have not consented to a final decision by the Magistrate Judge. Accordingly, the Magistrate Judge is required by 28 U.S.C. § 636(b)(1)(B) and (C) to submit to the District Judge a report and recommendation, and the parties are entitled to have an opportunity to object to that report and recommendation." (*Id.* at 4) The Court finds defendants' arguments unpersuasive.

■ First, the Magistrate Judge did not issue a "final decision," let alone a dispositive order. *Cf.* Local Rule 72–3.3 (requiring the Magistrate Judge to issue a Report and Recommendation on dispositive matters). Instead, defendants' Motion to Dismiss was denied without prejudice. (Court's Order of October 6, 2008, at 13). The Court's Order of October 6, 2008, denied, *without prejudice,* defendants' two primary arguments relating to whether plaintiff's action was barred by the. statute of limitations and whether plaintiff stated a viable First Amendment claim. (*See id.* at 4–12). The Court's

Order of October 6, 2008, did not dispose of any of defendants' defenses. Indeed, defendants were expressly given the option to re-assert those arguments in a motion for summary judgment. (*Id.* at 6 ("The court's order [as to defendants' statute of limitations argument] is without prejudice to defendants' ability to raise a similar argument on a motion for summary judgment.") & 10–11 (allowing defendants to raise qualified immunity on summary judgment as to plaintiff's retaliation claim)). Because the Motion to Dismiss was denied without prejudice to defendants' right to raise the same arguments and/or defenses in another motion, the Magistrate Judge's order did not exceed his jurisdiction.

■ Second, defendants' Motion emphasizes form over substance. Under defendants' approach, simply placing the name of one of the motions enumerated in 28 U.S.C. § 636(b)(1) would be enough to transform the motion into a dispositive matter. However, the Court's Order of October 6, 2008, was not a dispositive order, as it did not dispose of any claim or defense. *Cf. Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1463 (10th Cir. 1988) ("This dispositive/non-dispositive distinction is foreshadowed by the legislative history of the amendment to section 636 that gave magistrates authority to hear the eight motions listed in subsection (A). The House Report, for instance, refers to the motions throughout as dispositive motions."); *Segal v. L.C. Hohne Contractors, Inc.,* 303 F.Supp.2d 790, 793–94 (S.D.W.Va. 2004) ("Federal Rule of Civil Procedure 72 was passed to implement 28 U.S.C. § 636(b)(1).... Rule 72 sets forth no list of 'dispositive' motions, but instead is

based upon the dispositive/non-dispositive distinction long followed by the courts."). Further, defendants' Motion does not explain why they waited more than four months to object to the Court's Order of October 6, 2008. If defendants genuinely objected to the Court's Order of October 6, 2008, they should not have waited more than four months to object to the Order. "This rule is particularly appropriate where, as here, the defect complained of could have been readily corrected had the matter been called to the [magistrate judge's] attention." *United Steelworkers of America v. New Jersey Zinc Co.,* 828 F.2d 1001, 1008 (3d Cir.1987) (internal quotation marks and citation omitted). A litigant may not sleep on his rights and decide, well after the deadline to challenge the order in any way, to raise a belated challenge to a court order. *See Cash v. State Farm Fire & Cas. Co.,* 125 F.Supp.2d 474, 477 (M.D.Ala.2000) (party cannot "sleep on its rights" and wait until summary judgment to object to use of materials that it has made no reasonable efforts to obtain); *United Steelworkers of America,* 828 F.2d at 1008 ("We cannot escape drawing the inference that Steelworkers, which never once suggested to the district court that it preferred a jury trial to the bench trial given it, wished to have two bites to the proverbial apple, and awaited the court's decision on the merits before raising the jury trial issue which it held in reserve for a possible appeal."); *cf. Roell v. Withrow,* 538 U.S. 580, 590, 123 S.Ct. 1696, 1703, 155 L.Ed.2d 775 (2003) ("Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority.").[1]

---

1. Defendants cite the Ninth Circuit's 2001 decision in *Kofoed v. International Broth. of Elec. Workers, Local 48,* 237 F.3d 1001, 1004 (9th Cir.2001), for the proposition that "consent will not be inferred from their conduct."

(Motion at 3). This proposition was arguably overruled by the Supreme Court's 2003 decision in *Roell* which expressly held that "consent can be inferred from a party's conduct

█ Finally, even assuming, as defendants contend, that the Magistrate Judge entered an order purporting to determine a dispositive matter, the Court has the authority to ignore the form of the decision and treat it as a Report and Recommendation ("R & R"). *See Lancer Arabians, Inc. v. Beech Aircraft Corp.,* 723 F.Supp. 1444, 1445–1446 (M.D.Fla.1989) (district court treated Magistrate Judge's decision granting motion to strike claim for punitive damages as motion to dismiss and construed it as report and recommendation subject to de novo review); *Zises v. Dept. of Social Services,* 112 F.R.D. 223, 227 (E.D.N.Y.1986) ("Plaintiff's motion to set aside Magistrate [Judge's] order of January 7, 1986 dismissing her complaint with prejudice is denied. The court treats the magistrate's order as a report and recommendation and adopts it in full."); *Neal v. Miller,* 542 F.Supp. 79, 81 (S.D.Ill.1982) ("[T]he Court treats the magistrate's denial of leave to proceed in forma pauperis as a Report and Recommendation."); *cf. United States v. Rivera–Guerrero,* 377 F.3d 1064, 1071 (9th Cir.2004) ("the district court should treat the magistrate judge's [dispositive] 'order' as proposed findings and recommendations[ ]"); *United States v. Weissberger,* 951 F.2d 392, 398 (D.C.Cir.1991) (finding that magistrate judge exceeded her authority but that any defect was cured by the district court's de novo review of the original order). As an initial matter, the deadline to challenge a magistrate judge's decision, irrespective of whether the decision is a dispositive one or a recommended disposition, is ten days. *See* Fed.R.Civ.P. 72(a) & (b). Thus, irrespective of whether the Court construes defendants' Motion as objections or as a motion for review, defendants' challenge is untimely. *14 Moore's Federal Practice* § 72.10[3][a] at 72–42 (3d ed. 2008) ("A party that fails to file a timely objection to

during litigation[.]" 538 U.S. at 582, 123

a magistrate judge's Rule 72(a) order, or to a Rule 72(b) recommended disposition, may have waived the right to review of the magistrate judge's decision.") (cases cited therein). Finally, applying a *de novo* standard of review and assuming the Magistrate Judge's order constituted an order on a dispositive matter, the Court has independently reviewed the Court's Order of October 6, 2008, and defendants' Motion, and finds that there is no reason to disturb the Magistrate Judge's R & R.

█ In the future, if any party believes that a Magistrate Judge has issued an order that disposes of a claim or defense, *i.e.,* a dispositive order, the proper approach is to file a timely motion for review and/or objections which addresses the proper standard of review to be applied to the Magistrate Judge's decision as well as the merits of the challenge. In other words, if defendants believe that the Magistrate Judge's order involves a dispositive matter, then it should argue for the *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b); *see also Jordan v. Tapper,* 143 F.R.D. 567, 568–69 (D.N.J.1992) (In addition to arguing that magistrate judge did not have jurisdiction to issue order denying amendment of complaint, plaintiff argued that the district judge should review the magistrate judge's decision *de novo.*). Given that the Court has the authority and obligation to apply the appropriate standard of review to whatever decision is issued by the Magistrate Judge, the Court believes that the use of Magistrate Judges would become counterproductive if it required the Magistrate Judge, in every instance, to put form over substance and issue a document captioned in a particular manner, especially in situations where there is a genuine dispute as to whether the Magistrate Judge's order was dispositive of a

S.Ct. at 1699.

claim or defense. *See United States v. Raddatz,* 447 U.S. 667, 676 n. 3, 100 S.Ct. 2406, 2412 n. 3, 65 L.Ed.2d 424 (1980) (eschewing a construction of the Federal Magistrates Act that would tend to "frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts[ ]").

Based on the foregoing, IT IS ORDERED THAT defendants' Motion for Reconsideration **(Document No. 71) is denied.**