409 P.2d 505 (1966)
STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS of the State of Colorado, Plaintiff in Error,
v.
Joseph L. ANTONIO, Defendant in Error.
No. 21072.
Supreme Court of Colorado, In Department.
January 10, 1966.
Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., Denver, Clifton A. Flowers, Asst. Atty. Gen., for plaintiff in error.
Leslie A. Gross, Denver, for defendant in error.
MOORE, Justice.
Plaintiff in error will be referred to as the Board, and defendant in error as Antonio.
On May 3, 1955, Antonio filed his application for registration as a professional engineer. The Board with which the application was filed granted it on June 3, 1955. Approximately seven and one-half years after the Board had granted Antonio's petition, the Board, on its own motion, filed a "Complaint and Notice of Hearing" in which it was alleged that:
" * * * the State Board of Registration For Professional Engineers has reasonable cause to believe that the respondent practiced fraud and deceit in obtaining his registration as a professional engineer in the State of Colorado, in that his verified application for registration, dated May 3, 1955, states that the respondent graduated from West High School, Denver, Colorado, in the year 1929, * * *."
It was further alleged that in fact Antonio had not graduated from that high school. The complaint contained another alleged misrepresentation but since no competent evidence was offered to support it we give it no further consideration.
The application for registration which was signed and verified by Antonio in May, 1955, was on a printed form furnished him by the Board. This form called for information under four general classifications as follows: 1 GENERAL INFORMATION *506 2 EDUCATION, 3 STATEMENT REGARDING REGISTRATION AND CHARACTER, 4 EXPERIENCE RECORD. Under the classification of Education the instructions to an applicant were as follows:
"(State in chronological order the name and location of each high or preparatory school, college, university, or technical school attended, the time spent at each, and if graduate, the year of graduation; also list graduate work, evening school, correspondence school, research work, etc.)"
Antonio made answer in pertinent part as follows:

 Years Date
"Name and Location of Institution From-To Graduated
 "West High School 1926-29 1929"

At the hearing before the Board, Antonio fully supported the statements contained in his application, including the experience which he had prior to making application for registration. He admitted, however, that he had not graduated from West High School in Denver and stated that he had nearly completed the full three years required for graduation and believed he was not telling a material untruth in making the statement contained in his application. Following the hearing the Board made specific findings which in pertinent part are as follows:
"2. That on or about May 3, 1955, the respondent made application to this Board for registration as a professional engineer, pursuant to the provisions of C.R.S. '53, 51-1-13(2) (b), as the same existed in 1955.
"3. That said application was made on a form prescribed and furnished by this Board and was made under oath.
"4. That on or about June 4, 1955, this Board registered the respondent as a professional engineer and issued a certificate of registration as a professional engineer to him.
"5. That in said application the respondent represented that he had graduated from West High School (Denver, Colorado) in the year 1929; that said representation was false and the respondent knew it was false at the time he made it.
"6. That the respondent never did graduate from West High School and never did receive a diploma from said school."
The Conclusions of Law made by the Board contained the following:
"1. That respondent, Joseph L. Antonio, practiced fraud and/or deceit upon the Board in obtaining his certificate of registration as a professional engineer by virtue of having" represented to the Board under oath in his application for registration that he had graduated from West High School when, in fact, he had not * * *.
"2. That said false representations were material in that the respondent was required to show by his application for registration and by his references that he was a person of good moral character; that a person of good moral character would not knowingly make the false representations which the respondent made in this case as set forth above.
"3. That had this Board known of the false representations made by the repondent as set forth above at the time his application for registration was being considered, such knowledge would undoubtedly have had a considerable *507 bearing on whether or not the Board considered him to be a person of good moral character and thus eligible for registration as a professional engineer.
"4. That grounds for the revocation of respondent's registration as a professional engineer in the State of Colorado exist pursuant to the provisions of C.R.S. '53, 51-1-19(1)."
The Board then entered an order "that the registration of the respondent, Joseph L. Antonio, as a professional engineer in the State of Colorado be and the same is hereby revoked."
The district court on review of this order reversed the Board, and in so doing adjudged as follows:
"1. That the provisions of the Statute upon which Plaintiff relies for his registration did not prescribe any educational prerequisite whatsoever.
"2. The misrepresentations made by Plaintiff regarding his educational qualifications both at West High School and the University of Colorado Extension Center were not material factors in the issuance of his Certificate of Registration as a Professional Engineer.
"3. It is the opinion of this Court that the Conclusions of the Board were insufficient to sustain a revocation of Plaintiff's certificate on the grounds of fraud and deceit. For such grounds to be actionable the misrepresented facts must be material to the issuance of the certificate. In this case they clearly were not.
"4. That the decision and the findings of the Board is arbitrary, capricious and an abuse of discretion."
The Board is here on writ of error to review this judgment.
C.R.S. '53, 51-1-13(2) (b), which was applicable to the factual situation here presented (Although subsequently amended) reads as follows:
"Without examination, and without previous enrollment as an engineer-intraining, the board shall register any applicant of the age of thirty-five years or over who shall possess the qualifications required in the application for registration and who shall have a specific record of twelve years or more of lawful practice of engineering or pre-professional engineering; provided that credit for pre-professional engineering shall in no case exceed eight years."
Antonio's application for registration certificate reflected truthfully that he was over thirty-five years of age and he gave a specific record of "twelve years or more of lawful practice of engineering or preprofessional engineering" as required by the statute. Under the provisions of the statute no high school or other academic education whatever was required. The requirements of the statute are only that the applicant shall have had twelve years practical experience and that he be thirty-five years of age or over.
It is argued, however, that C.R.S. '53, 51-1-14 furnishes a basis for the action of the Board. It reads as follows:
"Applications for examination as professional engineer or engineer-intraining, and applications for registration as professional engineer under Section 51-1-13(2) (b) shall be on forms prescribed and furnished by the board, shall be made under oath, shall be accompanied by the appropriate fee, shall show the applicant's education and a detailed summary of his technical work and shall contain not less than five references, of whom three or more shall be registered engineers having professional knowledge of the applicant's experience in pre-professional engineering and in the practice of engineering. The application and references shall show that the applicant is of good moral character and that he has never been convicted of a crime nor had a license to practice *508 professional engineering or any other profession revoked by any form of civil government."
C.R.S. '53, 51-1-19, provides as follows:
"The board shall revoke or suspend the registration or enrollment of any registrant or enrollee who is found by the board to have:
"(1) Practiced any fraud or deceit in obtaining a certificate or registration or enrollment. * * *"
The Board does not find that its members who acted upon Antonio's application were defrauded or deceived, and there is no testimony to that effect. Its conclusions of law in legal effect are that if the former Board had known that the statement of Antonio relative to his graduation from West High School was false, it might have considered that he was not of good moral character. The representation made by Antonio related to an immaterial matter, and under the circumstances of this case the Board would not have been justified in rejecting the application even though it had known that Antonio had not graduated from high school. Neither was it sufficient in and of itself to warrant the conclusion that he was not of good moral character in the face of the showing to the contrary. In the words of the statute, Antonio had shown in 1955 by the application and references that he was of good moral character. In 53 C.J.S. Licenses § 44 b, we find that:
"A license may be revoked for any reason that would have justified a refusal to issue it in the first instance. It may be revoked for unfitness of the licensee to engage in the particular occupation or privilege or for fraud or deceit in obtaining the license, but a misstatement of the applicant as to a matter which would not have justified refusal of the license is not a ground for revocation, particularly where the misstatement is the result of a misunderstanding. * * *"
The right to practice a profession, once legally granted, is within the rights protected by the Constitutions of the United States and the State of Colorado, which provide that, "No person shall be deprived of life, liberty or property without due process of law." Prouty v. Heron, 127 Colo. 168, 255 P.2d 755. To sustain an action for fraud and deceit there must be a false representation of a material fact. Brown v. Linn, 50 Colo. 443, 115 P. 906, 23 Am.Jur. Fraud and Deceit § 111.
The alleged misrepresentation made by Antonio regarding his high school education was not a material factor in the issuance of his certificate of registration. The judgment of the district court was correct.
Judgment affirmed.
PRINGLE, C. J., and SCHAUER, J., concur.