John V. McCAMON and Verna McCamon, husband and wife, Appellants, (Plaintiffs below),

v.

DARNALL REALTY, Appellee, (Defendant below).

No. 3653.

Supreme Court of Wyoming.

Sept. 3, 1968.

Raymond B. Whitaker and Charles S. Aspinwall, Casper, for appellants.

Robert A. Burgess, of Winter, Burgess & Bullock, Casper, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves a suit brought by house owners against Darnall Realty. Damages were claimed on the ground that the real estate firm made a "sham" sale of plaintiffs' property and thereafter mismanaged the property and rented it although only authorized to sell it.

The district court held there was no genuine issue of fact as to a sham sale and entered summary judgment with respect to such claim. The issue as to whether defendant-company mismanaged plaintiffs' property and rented it without authority to so do was tried to the court without a jury. Findings were against the plaintiffs and for the defendant, and judgment was entered accordingly. Plaintiff-owners have appealed.

The evidence upon which defendant's motion for summary judgment was considered discloses that James W. Howard, a salesman for Darnall Realty, brought Mr. and Mrs. Donald A. Hauf to plaintiffs,

as prospective purchasers for plaintiffs' home. An agreement to purchase the house under a contract for deed was entered into by the Haufs with plaintiffs. The purchasers paid $400 down on the property and subsequently made an installment payment of another $100.

Shortly after the Haufs had purchased plaintiffs' home, Mr. Hauf's job at oil-well drilling terminated and buyers were unable to make installment payments. Plaintiffs elected to take the property back and the Haufs moved out. It was shown without dispute, in the affidavits and interrogatories filed in connection with defendant's motion for summary judgment, that Mr. Hauf was related by marriage to Howard, being a brother-in-law.

Plaintiff-owners claim this relationship was not made known to them when they were selling their property to the Haufs. They also suggest the Haufs were insolvent and that Howard knew they were.

Appellants claim on appeal the trial judge erred in granting summary judgment against their allegation of a sham sale. They argue the sale was not bona fide because of the undisclosed marriage relationship between Howard and the Haufs; and because Howard did not disclose what, if any, secret benefit or profit accrued to him. It is suggested that the summary judgment "precluded investigation" of the question concerning secret benefit or profit.

■ Apparently appellants overlook the fact that they had the burden of proving fraud, in order to sustain their allegation that the sale was not bona fide. They did not indicate to the court by affidavit, deposition or otherwise that they had any evidence of a secret benefit or profit to Howard. Without having shown that such evidence was available, they were not entitled to a trial merely for the purpose of investigating this question.

■ The whole purpose of the summary judgment would be defeated if a case could be forced to trial by a mere assertion that an issue exists, without any showing of evidence. 3 Barron and Holtzoff, Federal Practice and Procedure, § 1235, pp. 141, 146–150. See City of San Antonio v. Castillo, Tex.Civ.App., 293 S.W.2d 691, 695, writ of error refused n. r. e.; and Van Brode Milling Co. v. Kellogg Company, D.C.Del., 132 F.Supp. 330, 333.

■ In this case the defendant, as movant, made out a convincing showing that genuine issues of fact were lacking. It was then incumbent upon plaintiffs to demonstrate by receivable facts that a real controversy existed. Bruce Construction Corporation v. United States for Use of Westinghouse Electric Supply Company, 5 Cir., 242 F.2d 873, 875.

We need not discuss the suggestion that the Haufs were insolvent at the time of their purchase and that Howard knew it. Plaintiffs offered no evidence which would tend to show that Howard concealed anything about the worth of the Haufs, and they offered no evidence tending to show the Haufs were in fact insolvent at the time of sale.

Concerning the claim that Howard did not disclose the relationship between himself and Hauf, appellants fail to show wherein that was relevant or material. A relative of Howard can be just as reliable as a relative of any other person.

■ One of the elements necessary to establish actionable fraud is that the fact which is represented or concealed have materiality. Pacific Odorite Corporation of San Francisco v. Gersh, 94 Cal.App.2d 174, 210 P.2d 318, 320; State Board of Registration for Professional Engineers v. Antonio, 159 Colo. 51, 409 P.2d 505, 508; Holland Furnace Co. v. Korth, 43 Wash.2d 618, 262 P.2d 772, 776, 41 A.L.R.2d 1166.

■ As we have already indicated, the issue of whether defendant-company rented plaintiffs' property without authority to do so and whether it mismanaged such property was tried to the court and resolved against plaintiffs. We find in the record

an abundance of evidence that plaintiffs instructed Darnall Realty to sell or rent their home; and that they acquiesced in the renting by accepting without protest seven monthly rental payments of $110 each. Also, the evidence on the whole was such that the trier was amply justified in finding the property was not mismanaged by Darnall.

We need not pass upon the weight of the evidence or substitute our judgment in that regard for the trier's. Suffice it to say such evidence was substantial and the most appellants can claim is that in some respects it was in conflict.

The district court was correct in finding there was no genuine issue of fact with respect to fraud by concealment of a material fact, when Darnall Realty brought about a sale to Mr. and Mrs. Hauf. The district court was also justified, on the basis of the evidence before it, in concluding Darnall Realty had not acted without authority or mismanaged the property of plaintiffs.

Affirmed.