Pablo VINA, Plaintiff-Appellant,

v.

**HUB ELECTRIC COMPANY, Defendant-Appellee.**

No. 72–1599.

United States Court of Appeals, Seventh Circuit.

Argued April 18, 1973.

Decided June 29, 1973.

---

Allen R. Kamp, Chicago, Ill., for plaintiff-appellant.

Rody P. Biggert, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, and MURRAH * and BARNES,** Senior Circuit Judges.

SWYGERT, Chief Judge.

Pablo Vina appeals from the decision of the district court dismissing his complaint for want of prosecution.

Vina filed a *pro se* complaint on November 26, 1971, against Hub Electric Company alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. The form complaint was apparently provided him by the district court clerk along with a form affidavit of indigency.[1] In the form complaint, Vina asked that fees for bringing the suit be waived and that the district court appoint counsel to represent

him. The district judge, on November 20, 1971, denied the requests for appointment of counsel and leave to proceed in forma pauperis. The following day, the clerk of the district court billed Vina for the cost of filing the complaint, and Vina paid the $15 filing fee. Although the complaint was filed and the filing fee paid, the clerk never issued summons. Rule 4(a) of the Federal Rules of Civil Procedure provides a clear mandate to the clerk to immediately issue a summons and deliver it to the marshal for service: "Upon the filing of the complaint the clerk shall *forthwith* issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it." (emphasis added). There is no explanation in the record as to why the clerk did not follow the rule.

Vina thereafter obtained counsel through the Legal Aid Bureau who filed an amended complaint on March 27, 1972. Rule 15(a) of the Federal Rules of Civil Procedure allows for such an amended complaint to be filed without leave of court since no responsive pleading had yet been filed by Hub Electric, the defendant. Summons then issued and the amended complaint was served on April 28, 1972.[2] Hub Electric did not file an answer, but on May 18, 1972, the last day for filing the answer, it filed a motion to dismiss for failure to obtain leave of court prior to filing the amended complaint and a motion for extension of time to answer or otherwise plead. At a hearing on May 18 on defendant's motion, Vina's counsel argued that he was an attorney employed by Legal Aid and that due to the number of poor persons seeing attorneys, there was a two to three month wait before a client could be interviewed by an attorney.

---

* Senior Circuit Judge Alfred P. Murrah of the Tenth Circuit is sitting by designation.

** Senior Circuit Judge Stanley N. Barnes of the Ninth Circuit is sitting by designation.

1. Vina received a "right to sue" letter from the Equal Employment Opportunity Commission on November 11, 1971, notifying him that he may institute a civil action under Title VII of the Civil Rights Act of 1964 in the district court within thirty days of receipt of the letter.

2. This was the first notice Hub Electric received of the suit.

 

The district judge, *sua sponte,* dismissed the cause for want of prosecution and treated Hub Electric's motions as moot. It is obvious from the judge's remarks that he considered the "case closed" as of November 30, 1971, when he denied leave to proceed on appeal in forma pauperis even though Vina later paid the filing fee. The judge also informed Vina's counsel that he should have specifically advised the court of the filing of his appearance and requested leave to file the amended complaint (although such leave was not required by Rule 15(a)).

The question on appeal is whether the district judge abused his discretion in dismissing Vina's case for want of prosecution. We hold that he did and accordingly reverse.

The district judge and Hub Electric both rely on Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed. 2d 734 (1962), to support the proposition that a district court may dismiss a case for want of prosecution on its own motion. That case involved the dismissal of a six year old case which had previously been assigned two fixed trial dates which had been postponed. Plaintiff's counsel failed to attend a pretrial conference and later gave a lame excuse for his absence. The case before us is not of the same genre. The other cases cited by Hub Electric are similarly inapropos.[3]

Hub Electric argues that Vina should have investigated and made sure that service of the summons had been obtained and that he had "familiarize[d] himself with court procedures before proceeding *pro se.*" Hub Electric further argues that the same standards must be applied to *pro se* plaintiffs as are applied to plaintiffs represented by counsel. Such a statement is highly questionable. *Cf.* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In its argument for requir-

ing *pro se* complainants to be skilled in the law, Hub Electric ignores the thirty day time limit which Vina had to file his complaint. 42 U.S.C. § 2000e–5(e). He also ignores the fact that Vina diligently sought counsel by court appointment and later by Legal Aid. Even if the same standards were to be applied to *pro se* litigants as to litigants represented by counsel (which we do not hold), it would not affect this case since Vina, whether *pro se* or *represented,* cannot be held responsible for the clerk's failure to perform his duties of issuing the summons and delivering it to the marshal.

Vina had the right to file an amended complaint without leave of court pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. There was no basis in the record to support a finding that Vina had not been diligent in prosecuting his case. Nor has there been any showing of prejudice to defendant in the delay.

The dismissal is reversed and the case is remanded under Circuit Rule 23 to be assigned to another district judge.

3. Rule 21(a) of the local rules of the United States District Court for the Northern District of Illinois provides that "[c]ases which have been inactive for more than six months may be dismissed for want of prosecution." This case does not fall under that rule since the inactivity was not six months in duration.