Sally D. DEAR, mother, guardian and next friend of R. Cannon Dear and Jeffrey M. Dear, Plaintiff-Appellant,

v.

Bertram E. RATHJE et al., Defendants-Appellees.

No. 73-1042.

United States Court of Appeals, Seventh Circuit.

Sept. 25, 1973.

Sally D. Dear, pro se.

Joseph B. Lederleitner, Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, and KILEY and SPRECHER, Circuit Judges.

PER CURIAM.

Sally D. Dear, for herself and as next friend of her two children, filed a complaint in the United States District Court for the Northern District of Illinois on August 14, 1972. By her complaint she sought relief against four named individuals, one of them a state court judge, for alleged violations of her civil rights, committed under color of state law. Because hers was a *pro se* complaint, the Clerk, acting pursuant to Rule 10 B 2(a) [1] of the General Rules of the district court, referred the complaint to the court's Executive Committee. He also withheld the issuance of summonses against the named defendants. On August 24, the Executive Committee ordered the case "assigned to the calendar of an individual Judge in accordance with Rule 10 B 2 of the General Rules." The Committee further ordered that summonses not issue until further order of the court. The case was assigned on August 28 to Judge Tone.

On September 12, Mrs. Dear moved for issuance of summonses, drawing the court's attention to the command of Rule 4(a), Fed.R.Civ.P., that: "Upon the filing of the complaint the clerk shall forthwith issue a summons." She also argued that refusal to issue summonses would violate her rights to due process and equal protection of the laws under the Fifth Amendment. The motion was taken under advisement. In a Memorandum of Decision, entered without notice on October 2, the district judge dismissed the complaint for failure to state a claim upon which relief may be granted. He explained his decision to dismiss absent a motion for dismissal and before the issuance of summonses against the named defendants as follows:

This Court takes judicial notice of the series of legal actions brought by plaintiff, Sally D. Dear, against defendant, Ralph C. Dear, and various others who have allegedly acted in concert with him, in view of which it is appropriate to consider *sua sponte* the merits of plaintiff's complaint.

On October 12 Mrs. Dear moved that the order of October 2 be vacated, that summonses be issued to the named defendants and that the estate of one of the named defendants be substituted for him as a party defendant. In the motion to vacate, she argued:

2. That Plaintiff never received notice that the Court was even considering these questions, much less ruling on them, and had no opportunity to be heard on the merits of this suit.

3. That a ruling on the merits, without notice and opportunity for hearing is in clear violation of plaintiff's right to due process and equal protection of the laws guaranteed by the Fifth Amendment to the U.S. Constitution.

4. That the defendants are also guaranteed these rights under the Fifth Amendment, and should have the opportunity to argue to the merits.

On October 20 the motion to vacate was denied, and the other two motions were denied as moot. At that time, the following colloquy took place in open court:

MS. DEAR: Do you have copies of the motion?

THE COURT: I have.

I have already dismissed the action, Ms. Dear, so that automatically took care of the motion for issuance of summons; and since I have dismissed the action, there is no action in which there could be a motion for substitution of parties, and so all the motions are denied.

MS. DEAR: Well, if I may say, your Honor, as far as—if this goes up on appeal as it is now, and the Appellate

1. Rule 10 B 2(a) provides in part:
   Each case, immediately after filing by the assignment clerk, shall be assigned to the appropriate calendar and to the category indicated by counsel; provided, that all cases filed by plaintiffs pro se (except petitions for a writ of habeas corpus and other cases filed by persons in custody) shall be assigned to the Executive Committee for consideration prior to the assignment thereof to the calendar of an individual judge.

Court found for me on the issue of judicial immunity, the defendants in this case—jurisdiction of their persons has never been required [sic] and they would then have a ruling affecting their rights where jurisdiction of their persons were never—

THE COURT: I have already dismissed the case, Ms. Dear, and that is the end of it.[2]

Mrs. Dear filed a motion for rehearing contending that the court's ruling on the motions "was contrary to the constitution and the laws of the United States." The motion was denied. Mrs. Dear subsequently moved for a hearing on the motion for rehearing but this was denied on the same day as it was filed.

Mrs. Dear then filed a notice of appeal from the orders dismissing the complaint, denying the motions to vacate the dismissal, to issue summons, and to substitute the estate for one of the defendants, and denying the motion for a rehearing.

We do not reach the merits of the order dismissing the complaint. To do so, we should have to deliver an advisory opinion, for until defendants have been summoned to appear and given some opportunity to respond to the complaint, we cannot know that there is a live controversy between the parties.

It appears that a pattern of practice has developed in the Clerk's office in which summons are not issued when a *pro se* complaint is filed. The same practice occurred in Vina v. Hub Electric Co., 480 F.2d 1139 (7th Cir. 1973). We do not need to reach the issue of whether the practice is constitutional since it is possible to decide the appeal on other grounds. The practice here as in *Vina* is in clear conflict with Rule 4(a), Fed.R.Civ.P. which imposes a duty on the Clerk to issue the summons "forthwith." Sires v. Cole, 320 F.2d 877, 879 n. 2 (9th Cir. 1963); Jefferson

v. Stockholders Publishing Co., 194 F.2d 281, 282 (9th Cir. 1952).

We are not unsympathetic with the plight of the district courts as they face growing numbers of "professional litigants." We also understand the reluctance of its judges to have their courts used as a tool for harassment of public officials and others. But those who are harassed have the option of civil actions for abuse of process and may resort to equity for injunctive relief. If these and similar remedies have proved inadequate, it is not for a United States district court to resolve the problem by cutting off *pro se* litigation at the wellspring.

The orders appealed from in the instant case are vacated and the cause is remanded with directions to order the immediate issuance of summonses against the named defendants. The mandate of this court will issue forthwith.

Vacated and remanded with directions.

---

2. Mrs. Dear's fears were not farfetched. As our order of July 26, 1973 points out, "defendant-appellee" Atten, when served with a rule to show cause why his failure to file a brief should not result in the court's consid-

ering the appeal without a brief from him, responded that the rule was the "first notice" of the existence of this cause that he had ever received. No other "defendant-appellee" even responded to the rule.