**William Louis NICHOLS, Plaintiff-Appellant,**

v.

**Edward F. SCHUBERT, M. D., Defendant-Appellee.**

**No. 73–1940.**

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1974.

Decided May 22, 1974.

Anthony J. Theodore and Charles Bennett Vetzner, Corrections Legal Services Program, Madison, Wis., for plaintiff-appellant.

Robert W. Warren, Atty. Gen., Gary L. Carlson, Asst. Atty. Gen., Madison, Wis., for defendant-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and SPRECHER, Circuit Judge.

PER CURIAM.

Plaintiff's *pro se* complaint under the civil rights statutes, attacking the visiting privileges of the state hospital where plaintiff is under commitment, was received by the court clerk's office on September 17, 1973. On September 21, 1973, the court granted the plaintiff leave to proceed in forma pauperis and, in the same opinion and order, the court on its own motion dismissed the complaint for failure "to set forth any actionable claim." No summons was ever issued by the clerk nor served upon the defendant.

Rule 4(a), Fed.R.Civ.P. provides that "[u]pon the filing of the complaint the clerk shall forthwith issue a sum-

mons and deliver it for service to the marshal or to a person specially appointed to serve it."

In Vina v. Hub Electric Co., 480 F.2d 1139, 1140 (7th Cir. 1973), we held that "Rule 4(a) of the Federal Rules of Civil Procedure provides a `clear mandate to the clerk to immediately issue a summons and deliver it to the marshal for service."

In *Vina,* we reversed a dismissal where the plaintiff filed a *pro se* complaint. After the district court denied his requests for appointment of counsel and leave to proceed in forma pauperis, he paid the filing fee and thereafter obtained counsel through the Legal Aid Bureau, but summons was not issued. In Dear v. Rathje, 485 F.2d 558, 560 (7th Cir. 1973), the plaintiff also filed a *pro se* complaint and apparently had paid the filing fee, but summons was not issued. We vacated a *sua sponte* dismissal of the complaint, saying:

> We do not reach the merits of the order dismissing the complaint. To do so, we should have to deliver an advisory opinion, for until defendants have been summoned to appear and given some opportunity to respond to the complaint, we cannot know that there is a live controversy between the parties.

Here also a *pro se* complaint was filed by the plaintiff but instead of paying the filing fee, he sought and was granted leave to proceed in forma pauperis. However the complaint was dismissed *sua sponte* without summons having been issued or served. We perceive no reason for circumventing the mandate of Rule 4(a) that the clerk "shall forthwith issue a summons," simply because the matter proceeded in forma pauperis. Such cases must proceed through the adversary system with live defendants properly served as in all other cases.

Without reaching the merits, we vacate the order of dismissal and remand the cause with directions to order imme-

diate issuance of summons against the named defendant. The mandate of this court will issue immediately.

Vacated and remanded with directions.