Jeffrey MUMMERY,
Appellant (Plaintiff),

v.

Louis F. POLK, Jr., and B.P., Inc., a Wyoming corporation, Appellees (Defendants).

No. 88–244.

Supreme Court of Wyoming.

March 10, 1989.

P. Richard Meyer and Robert N. Williams, Jackson, for appellant.

Tom C. Toner of Redle, Yonkee & Toner, Sheridan, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

MACY, Justice.

This is an appeal from an order granting appellees' motion to dismiss appellant's causes of action alleging abuse of process and intentional infliction of emotional distress. The action was dismissed for failure to state claims upon which relief can be granted.

We affirm.

Appellant's issues are:

### I.

DOES A COMPLAINT WHICH ALLEGES THAT DEFENDANTS COMMITTED THE TORT OF ABUSE OF PROCESS BY PURCHASING AND EXECUTING A JUDGMENT AGAINST PLAINTIFF IN A MALICIOUS, IMPROPER, AND UNLAWFUL FASHION AND FOR AN IMPROPER ULTERIOR PURPOSE STATE A CAUSE OF ACTION FOR THE TORT OF ABUSE OF PROCESS?

### II.

DOES A COMPLAINT WHICH ALLEGES THAT DEFENDANTS COMMITTED THE TORT OF "OUTRAGE" (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) BY PURCHASING AND EXECUTING A JUDGMENT AGAINST PLAINTIFF IN A MALICIOUS, IMPROPER, AND UNLAWFUL FASHION AND FOR AN IMPROPER ULTERIOR PURPOSE STATE A CAUSE OF ACTION FOR THE TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS?

Appellant Jeffrey Mummery filed his complaint on July 10, 1986, against appellees Louis F. Polk, Jr. and B.P., Inc., a Wyoming corporation, alleging in substance that:

1. Polk formed B.P., Inc. for the sole purpose of purchasing an outstanding judgment against Mummery;

2. During the time Mummery's deposition was being taken in an unrelated lawsuit between Mummery and Polk, B.P., Inc. caused execution to be levied upon Mummery and his stock in another corporation which is also the subject of still another lawsuit between Mummery and Polk; and

3. Appellees' actions were improper and constituted the torts of abuse of process and outrage.

Appellees filed a motion to dismiss on July 28, 1986, pursuant to W.R.C.P. 12(b)(6), and Mummery responded with an affidavit by his attorney indicating that he had talked to another attorney who in turn had "heard one of the attorneys for Mr. Polk say words to the effect that Mr. Polk should purchase the judgment against Mr. Mummery for the purpose of putting pressure upon Mr. Mummery." Appellees requested that their motion to dismiss be converted to a motion for summary judg-

ment but the court declined, and only the complaint was considered in granting the motion to dismiss. An order was entered on July 18, 1988, and it is from this order that this appeal is taken.

When considering a dismissal under W.R.C.P. 12(b)(6) for failure to state claims upon which relief can be granted, the court must view the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all facts in the complaint which are well pleaded. *Champion Well Service, Inc. v. NL Industries*, 769 P.2d 382 (Wyo.1989); *Carbon County School District No. 2 v. Wyoming State Hospital*, 680 P.2d 773 (Wyo.1984); *Moxley v. Laramie Builders, Inc.*, 600 P.2d 733 (Wyo. 1979). This liberal rule of pleading, however, does not go so far as to excuse the omission of that which is material and necessary to entitle one to relief. *Sump v. City of Sheridan*, 358 P.2d 637, 642 (Wyo. 1961). The complaint must allege "all facts essential to constitute a legal cause of action." *Harris v. Grizzle*, 599 P.2d 580, 583 (Wyo.1979). A motion to dismiss, even though sparingly granted, is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief. *Paravecchio v. Memorial Hospital of Laramie County*, 742 P.2d 1276 (Wyo.1987), *cert. denied* —— U.S. ——, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988); *Mostert v. CBL & Associates*, 741 P.2d 1090 (Wyo.1987). With these standards in mind, we now address the issues raised by Mummery.

### ABUSE OF PROCESS

In *Bosler v. Shuck*, 714 P.2d 1231, 1234–35 (Wyo.1986), and *Toltec Watershed Improvement District v. Johnston*, 717 P.2d 808, 810–12 (Wyo.1986), this Court clearly defined the essential elements necessary to state a cause of action for an abuse of process: (1) an ulterior purpose; and (2) a willful act in the use of the process which is not proper in the regular conduct of the legal proceeding. We also stated in *Toltec Watershed Improvement District* that there can be no action for abuse of process for merely carrying out

the process and that the motive for doing such is immaterial and irrelevant. *Id.* at 811. We agree with the court below that Mummery's complaint lacks an essential allegation to maintain an action in tort for abuse of process. B.P., Inc. had the lawful right to use the legal process of levying execution on Mummery's stock in another corporation to satisfy the judgment against Mummery. Appellees may have had an ulterior motive in mind, but there is no allegation in Mummery's complaint that appellees abused the use of this process by any affirmative act which the law does not permit, such as offering to release the levy on the stock if Mummery would settle his other matters in litigation with Polk.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Mummery merely realleged the allegation contained in his abuse of process claim to state his claim for intentional infliction of emotional distress. In *Leithead v. American Colloid Company*, 721 P.2d 1059 (Wyo.1986), we held that, to maintain an action for such a tort, there must be outrageous conduct which goes beyond all possible bounds of decency and which is regarded as atrocious and utterly intolerable in a civilized community. We quoted with approval Restatement, Second, *Torts* § 46, comment g:

> "The actor is never liable * * * where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress."

*Leithead*, 721 P.2d at 1066.

The court below properly concluded that there was nothing in Mummery's complaint which alleged that appellees did anything which they were not entitled to do under the law.

AFFIRMED.

URBIGKIT, J., dissented without written opinion.