**Elsie E. CONDICT, Appellant (Plaintiff),**

v.

**Larry L. LEHMAN, District Court Judge, Second Judicial District, State of Wyoming; and Ann Masson, District Court Clerk, Second Judicial District, State of Wyoming, Appellees (Defendants).**

No. 91–121.

Supreme Court of Wyoming.

Aug. 21, 1992.

Elsie E. Condict, pro se.

Joseph B. Meyer, Atty. Gen., and Mary B. Guthrie, Sr. Asst. Atty. Gen., for appellee Larry L. Lehman.

Thomas "T.C." Campbell, Carbon County Atty. and Pros. Atty., and Wade E. Waldrip, Deputy County Atty., Rawlins for appellee Ann Masson.

Before MACY, C.J., THOMAS and CARDINE, JJ., and RAPER and BROWN, JJ., Ret.

BROWN, Justice, Retired.

Elsie Elizabeth Condict, appellant, filed suit against Larry L. Lehman, District Judge, and Ann Masson, former Clerk of the District Court. John T. Langdon, District Judge, dismissed this lawsuit for failure to state a cause of action.

Appellant states the issues to be:

A. Whether the interim trustee had "jurisdiction" to substitute himself as a *plaintiff* in Civil Action 91C–3?

B. Whether Judge Langdon had "jurisdiction" to allow the interim trustee to be "substituted as plaintiff" at the hearing on March 29, 1991?

C. Whether the court's dismissal of the case was "an abuse of discretion"?

D. Whether Judge Langdon denied the "real party in interest", (appellant), due process and access to the court? [1]

The questions suggested by appellant are phantom issues and obfuscate the sim-

---

1. On September 20, 1990, appellant Elsie E. Condict filed a petition for bankruptcy relief pursuant to 11 U.S.C. Ch. 7 (1988) in the United States Bankruptcy Court for the District of Wyoming. James T. Dinneen was appointed trustee of the bankruptcy estate created upon the filing of said bankruptcy petition. On December 18, 1990, appellant was discharged by the bankruptcy court. On February 14, 1991, a Motion to Substitute Party Plaintiff was filed by James T. Dinneen; the motion was granted by Judge John T. Langdon on February 21, 1991. This dancing around with the bankruptcy court has nothing to do with the merits of this case.

ple issue on appeal: Whether the Appellant's complaint should have been dismissed because it failed to state a claim upon which relief could have been granted.

We affirm.

In January 1991, appellant filed a complaint under 42 U.S.C. §§ 1983 and 1985 (1988), naming as defendants Larry L. Lehman, Judge of the Second Judicial District, and Ann Masson, former Clerk of the District Court, Second Judicial District. Appellant alleged that Judge Lehman had improperly rendered decisions in several district court matters in which she had been a party. The principal complaint of appellant against Judge Lehman was the case of *Condict v. Condict*, Civil Action No. 82C–219 (dismissed by the Wyoming Supreme Court February 7, 1990), which was an action for a partition and an accounting. Other cases involved actions for trespass and assault and battery. The complaint against defendant Ann Masson is that she refused to enter a default judgment upon application by appellant in a civil action filed earlier in the Second Judicial District, Civil Action No. 90C–116.

After a hearing on a W.R.C.P. 12(b)(6) motion on March 29, 1991, the court dismissed appellant's complaint against both appellees for failure to state a cause of action upon which relief could be granted.[2]

## STANDARD OF REVIEW

The court must accept the facts as alleged in plaintiff's complaint as true, and view them in the light most favorable toward the appellant. *Kautza v. City of Cody*, 812 P.2d 143, 145 (Wyo.1991); *Nulle v. Gillette–Campbell County Joint Powers Fire Board*, 797 P.2d 1171, 1171 (Wyo. 1990). Appellant's pleadings must be liberally construed, and the court "will sustain a dismissal of a complaint only if it shows on its face that the plaintiff was not entitled to relief under any set of facts." *Mostert v. CBL & Associates*, 741 P.2d

1090, 1092 (Wyo.1987). *See also Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.*, 608 P.2d 1299, 1302 (Wyo. 1980).

A motion to dismiss will be granted only if the pleadings disclose with certainty the impossibility of proving a claim upon which relief can be granted. *Fiscus v. Atlantic Richfield Company*, 742 P.2d 198, 202 (Wyo.1987). "Dismissal is a drastic remedy, and is sparingly granted." *Mostert*, 741 P.2d at 1092. "A motion to dismiss, even though sparingly granted, is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief." *Mummery v. Polk*, 770 P.2d 241, 243 (Wyo. 1989).

## I.

## JUDICIAL IMMUNITY

Appellant purported to bring this action based on 42 U.S.C. §§ 1983 and 1985; therefore, we will examine both federal and state cases on judicial immunity. It has been expressly determined that judges enjoy immunity in civil rights litigation. *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). In judicial immunity litigation, courts need only be concerned with proper jurisdiction and the nature of the judge's act. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331, *reh'g denied* 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978).

Two factors must be satisfied for a defense of judicial immunity to prevail. A judge is immune for his acts if he had jurisdiction and a judicial act was involved.

---

**2.** W.R.C.P. 12(b)(6) states in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.]

*Stump*, 435 U.S. at 362, 98 S.Ct. at 1107. The cases in which Judge Lehman ruled against appellant were within his jurisdiction. District judges in Wyoming have the authority to hear the type of cases about which appellant complains. *See, e.g.*, Wyo. Const. art. 5, § 10 and Wyo.Stat. § 1–23–103 (1988).

Judge Lehman's actions also meet the second prong of the immunity, that is, his actions were judicial acts. A judicial act is a function normally performed by a judge and one in which the parties dealt with the judge in his judicial capacity. *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107. Deciding cases of which appellant complains were clearly judicial acts. *Cf. Forrester v. White*, 484 U.S. 219, 228–29, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (firing a probation officer is an administrative, rather than judicial, act).

*Oyler v. State*, 618 P.2d 1042, 1047 (Wyo. 1980) recognizes that judges are exempt from liability under federal civil rights statutes. "[I]t has long been the rule that courts of general jurisdiction are exempt from liability of civil action for their official acts even if in excess of their jurisdiction." *Linde v. Bentley*, 482 P.2d 121, 123 (Wyo. 1971). "Municipal judges, * * * as with all other judges, are clothed in the mantle of judicial immunity, and cannot be found liable for any action taken while acting, as here, in a judicial capacity." *Cotton v. Hand*, 563 P.2d 1343, 1344 (Wyo.1977).

It is clear that Judge Lehman enjoyed absolute judicial immunity under the circumstances of this case according to both federal and state law.

## II.

## CLERK OF COURT

Although appellant's complaint is unclear, the allegations against appellee Ann Masson appear to be that she refused to enter a default judgment upon application by appellant in a civil action filed earlier in the Second Judicial District, Civil Action No. 90C–116, in violation of W.R.C.P. 55. Civil Action No. 90C–116 was an action brought by appellant, pro se, in the Second Judicial District, against Aurilla P. Condict, Alden R. Condict, and Karen K. Condict.

W.R.C.P. 55 [3] provides in part:

(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

(b) *Judgment.*—Judgment by default may be entered as follows:

(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain, or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person;

(2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, trustee, or other such representative who has appeared therein. If the party against whom a judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper, and shall accord

**3.** The Wyoming Rules of Civil Procedure have since been amended, effective March 24, 1992.

a right of trial by jury to the parties when and as required by any statute.

 Appellant contends that she was entitled to a default judgment in Civil Action No. 90C–116 (Carbon County). However, she does not cite the record, authorities, or make a cogent argument in support of her contention. She fails to demonstrate that she was entitled to a default judgment. Appellant did not ask the clerk to enter the default of appellees according to W.R.C.P. 55(a), but rather ignored that step and applied for a default judgment.

In Civil Action No. 90C–116, defendants Alden R. Condict and Karen Conduct apparently did not answer Elsie E. Condict's (appellant here) petition within twenty days after service of summons.[4] However, these defendants did enter pleadings and appeared in the action before the expiration of the twenty days by filing: (1) "Motion to Dismiss Plaintiff's Complaint," see *United States Aviation, Inc. v. Wyoming Avionics, Inc.*, 664 P.2d 121 (Wyo.1983); (2) "Motion to Dismiss and Strike Plaintiff's Motion for Peremptory Disqualification of the Honorable Larry Lehman"; (3) "Motion for Admission of Out-of-State Counsel" (which was granted); and (4) a brief. Therefore, it cannot be seriously contended that Alden and Karen Condict had not pled, defended or appeared in the action.

In Elsie Condict's petition in Civil Action No. 90C–116 (Carbon County), she demanded judgment against the defendants for: (1) $4,921,144.38; (2) $5,000,000 punitive damages; (3) in excess of $750,000 for costs and attorney fees; and (4) for other costs.

The basic cause of action in Civil Action No. 90C–116 was for fraud. The damages claimed could not be computed to a sum certain as required by W.R.C.P. 55. An affidavit filed by appellant was not filed pursuant to W.R.C.P. 55(b)(1) and did not aid in a computation to a sum certain. There was nothing in the affidavit with respect to determining damages for fraud, punitive damages, attorney fees or costs.

The affidavit merely traced the history of the parties' litigation and argued the theory of the case. Furthermore, because the Condict defendants had made an appearance, they were entitled to written notice of application for judgment at least three days prior to the hearing on such application pursuant to W.R.C.P. 55(b)(2). Appellant admits that she did not give this notice.

In summary, appellant was not entitled to a default judgment because of her failure to comply with W.R.C.P. 55.

The issues raised by appellant on appeal are without merit.

Affirmed.

---

4. Aurilla P. Condict was not served with summons. She was "deemed not competent for service."