**Richard B. OSBORN, Appellant (Plaintiff),**

v.

**EMPORIUM VIDEOS; Arthur Greer, Owner; and Ron Sullivan, Manager/Agent, Appellees (Defendants).**

No. 92–141.

Supreme Court of Wyoming.

March 11, 1993.

Richard B. Osborn, pro se.

No appearance representing appellees.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT,* and GOLDEN, JJ.

URBIGKIT, Justice.

Challenging the propriety of the *sua sponte* dismissal of a complaint for failure to state a claim upon which relief can be granted, Richard B. Osborn (Osborn) appeals the district court's order. We hold that the procedure used by the district court failed to provide adequate notice and opportunity to respond after the district court determined it would act on its own motion. We reverse and remand.

* Retired January 1, 1993.

1. The original complaint identifies the store manager as a "John Doe." Sullivan was served the initial summons and complaint, at the video store, and identified in the service return. Subsequently, Osborn filed an amendment to the complaint naming Sullivan as a defendant in his capacity as "manager/agent" of the store.

2. Wyo.Stat. § 40–12–105, in pertinent part, provides:

> (a) A person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly:
>
> \* \* \* \* \* \*
>
> (iii) Represents that merchandise is of a particular standard, grade, style or model, if it is not;
>
> \* \* \* \* \* \*
>
> (xiv) Employs "bait and switch" advertising which consists of an offer to sell merchandise

## FACTS

Osborn filed his complaint in the District Court for the Seventh Judicial District, Natrona County, Wyoming alleging fraud and unfair trade practices in the sale of an "adult video." The video was purchased from Emporium Videos, a Casper, Wyoming retailer in "adult materials." The complaint identifies as defendants: Emporium Videos; the store owner, Arthur Greer (Greer), a Colorado resident; and the store manager, Ron Sullivan (Sullivan).[1]

Osborn averred that the description, contained on the video's box, inaccurately characterized the performance of "Busty Belle" (Belle) as the "star" of a video titled "Belle of the Ball." Osborn asserted that during the seventy-five minute length of the video, Belle appeared in scenes lasting only one and one-half minutes at the beginning of the video and seven to eight minutes at the end of the video. Specifically, Osborn contended the disparity between the impression given by the video's labeling and the actual role played by the featured performer constituted deceptive trade practices under Wyo.Stat. § 40–12–105(a) (Cum. Supp.1992).[2] Osborn's prayer for relief requested damages for the cost of the video, $29.95; the cost of medication required to treat an asthma attack "brought on by the stress and strain of being 'ripped off,'" $55.79; compensation for suffering, $50,-

which the seller does not intend to sell, which advertising is accompanied by one (1) or more of the following practices:

> (A) Refusal to show the merchandise advertised;
>
> (B) False disparagement in any respect of the advertised merchandise or the terms of sale;
>
> (C) Requiring undisclosed tie-in sales or other undisclosed conditions to be met prior to selling the advertised merchandise;
>
> (D) Knowingly showing or demonstrating defective merchandise which is unusable or practicable for the purpose set forth in the advertisement;
>
> (E) Accepting a deposit for the merchandise and subsequently charging the buyer for a higher priced item without his consent; or
>
> (F) Willful failure to either make deliveries of the merchandise or to make a refund therefor.

000; and punitive damages. Osborn acted pro se.[3]

Also acting pro se, Sullivan filed an answer on behalf of the "defendants." After service of process at his usual place of business, W.R.C.P. 4(d), Greer did not respond. Osborn, claiming Sullivan's answer was untimely and noting that a pro se defendant could not file an answer for another, filed for entry of default. W.R.C.P. 55. Sullivan, again acting pro se, filed an amended answer on behalf of all "defendants, who were properly served * * *." [4] The district court responded by acting on its own motion to order a dismissal for failure to state a claim upon which relief can be granted.[5] The order dismissing the complaint reads as follows:

THE ABOVE MATTER having come before the Court upon its own Motion

THE COURT FINDS that the Complaint does not state a cause of action.

THEREFORE, IT IS ORDERED that the case be dismissed.

DATED this 29th day of May, 1992.

BY THE COURT:

[Signature]

JUDGE

Osborn filed a timely notice of appeal invoking this court's jurisdiction.

## DISCUSSION

In *Condict v. Lehman*, 837 P.2d 81, 82 (Wyo.1992), this court reiterated the standard of review utilized to consider the appeal of a dismissal under W.R.C.P. 12(b)(6) (hereinafter Rule 12(b)(6)):

The court must accept the facts as alleged in plaintiff's complaint as true, and view them in the light most favorable toward the appellant. *Kautza v. City of Cody*, 812 P.2d 143, 145 (Wyo. 1991); *Nulle v. Gillette–Campbell County Joint Powers Fire Board*, 797 P.2d 1171, 1171 (Wyo.1990). Appellant's pleadings must be liberally construed, and the court "will sustain a dismissal of a complaint only if it shows on its face that the plaintiff was not entitled to relief under any set of facts." *Mostert v. CBL & Associates*, 741 P.2d 1090, 1092 (Wyo.1987). *See also Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.*, 608 P.2d 1299, 1302 (Wyo.1980).

A motion to dismiss will be granted only if the pleadings disclose with certainty the impossibility of proving a claim upon which relief can be granted. *Fiscus v. Atlantic Richfield Company*, 742 P.2d 198, 202 (Wyo.1987). "Dismissal is a drastic remedy, and is sparingly granted." *Mostert*, 741 P.2d at 1092. "A motion to dismiss, even though sparingly granted, is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief." *Mummery v. Polk*, 770 P.2d 241, 243 (Wyo. 1989).

A motion under Rule 12(b)(6) is read in conjunction with W.R.C.P. 8 which establishes the requirements for pleading a claim. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d* § 1356 (1990). W.R.C.P. 8 provides, in pertinent part:

(a) *Claims for relief.*—A pleading which sets forth a claim for relief, wheth-

---

3. Osborn's penchant to seek legal redress to enforce his perception of his rights has been demonstrated to the district court and before this court. *See Osborn v. Manning*, 817 P.2d 889 (Wyo.1991); *Osborn v. Manning*, 812 P.2d 545 (Wyo.1991); *Osborn v. Manning*, 798 P.2d 1208 (Wyo.1990); *Osborn v. Pine Mountain Ranch*, 766 P.2d 1165 (Wyo.1989); *Osborn v. Warner*, 694 P.2d 730 (Wyo.1985).

4. The adequacy of the service of process upon the business entity, "Emporium Videos," or its owner, Greer, was never raised nor litigated in the district court. Appellees did not file a brief in this court and sanctions were imposed.

W.R.A.P. 7.11. The case has been heard on the expedited docket based on the pro se brief of the appellant.

5. W.R.C.P. 12(b) states, in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.]

er an original claim, counterclaim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

\* \* \* \* \* \*

(d) *Effect of failure to deny.*—Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

(e) *Pleading to be concise and direct; consistency.*

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds or on both.

All statements shall be made subject to the obligations set forth in Rule 11.

(f) *Construction of pleadings.*—All pleadings shall be so construed as to do substantial justice.

"Only when the pleading fails to meet this liberal standard is it subject to dismissal under Rule 12(b)(6)." 5A Wright & Miller, *supra,* § 1356 at 296. "The role of a Rule 12(b)(6) motion is not to assess the likelihood of recovery; rather, it is merely to determine whether a claim for which relief *can* be granted has been stated." *Coones v. Federal Deposit Ins. Corp.,* 848 P.2d 783 (Wyo.1993).

■ When a complaint alleges fraud, W.R.C.P. 9(b) states a particularity requirement:

*Fraud; mistake; condition of the mind.*—In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The particularity requirement of W.R.C.P. 9(b) does not render the general principles of W.R.C.P. 8 inapplicable; instead, the two rules are read in conjunction to create a proper balance. 5 Wright & Miller, *supra,* § 1298.[6]

■ The litigant acting pro se is entitled to "a certain leniency" from the more stringent standards accorded formal pleadings drafted by lawyers; however, the administration of justice requires reasonable adherence to procedural rules and requirements of the court. *Apodaca v. Ommen,* 807 P.2d 939, 943 (Wyo.1991).

■ While the language of W.R.C.P. 12 does not specifically authorize a *sua sponte* motion, the practice has been adopted by some federal courts under F.R.C.P. 12.[7] In *Apodaca,* this court suggested its approval

---

**6.** Professors Wright and Miller illustrate the appropriate balance between Rule 8 and Rule 9(b) with a pleading seeking to have a conveyance set aside on the ground that: "Defendant C.D. on or about \* \* \* conveyed all his property, real and personal to defendant E.F. for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness

evidenced by the note above referred to." 5 Wright and Miller, *supra,* § 1298 at 624. This example is from Official Form 13 of the Federal Rules of Civil Procedure which is expressly declared to be sufficient. *Id.*

**7.** W.R.C.P. 12(b) is identical to F.R.C.P. 12(b).

of the concept permitting a *sua sponte* motion to dismiss a complaint under circumstances where a recognizable claim has not been stated. *Apodaca*, 807 P.2d at 941 n. 3 (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436 (5th Cir.1989) and 5A Wright & Miller, *supra*, § 1357 at 301 n. 3). However, because the *Apodaca* court was considering the validity of motions to dismiss made by defendants in that proceeding, no discussion of the proper procedure for such a *sua sponte* action was presented.

A review of federal precedent discloses a reasoned approach to *sua sponte* dismissals.[8] In *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177 (7th Cir.1989), the United States Court of Appeals for the Seventh Circuit reviewed, in detail, the general procedure required for a *sua sponte* dismissal by the federal courts. After a determination of proper jurisdiction under the substantiality doctrine, *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946), the jurisdiction of federal courts to dismiss *sua sponte* is limited by procedural rules. *Ricketts*, 874 F.2d at 1183. F.R.C.P. 4(a) has been consistently interpreted to require that a summons be issued and served before a complaint may be dismissed. *Id.* (citing *Nichols v. Schubert*, 499 F.2d 946, 947 (7th Cir.1974); *Dear v. Rathje*, 485 F.2d 558 (1973), *aff'd* 532 F.2d 756 (7th Cir.1976); and *Vina v. Hub Electric Co.*, 480 F.2d 1139, 1140 (7th Cir.1973)). Subsequent decisions have required that a plaintiff be given notice and an opportunity to respond before dismissal of the complaint on the court's motion. *Ricketts*, 874 F.2d at 1183 (citing *Bryan v. Johnson*, 821 F.2d 455, 457–58 (7th Cir.1987)). *See also Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 (11th Cir.1983); *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1341 (1981), *aff'd in part and rev'd in*

part 745 F.2d 1221 (9th Cir.1984); and 5A Wright & Miller, *supra*, § 1357.

The leading federal decision on *sua sponte* dismissals under F.R.C.P. 12(b)(6) is *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983). The *Tingler* court reviewed the *sua sponte* dismissal of a complaint on its merits, so federal jurisdiction was not in question.[9] The court found four reasons why a *sua sponte* dismissal under F.R.C.P. 12(b)(6) is not favored. First, the action places the court in the role of a proponent rather than an independent observer. Second, plaintiffs are prejudiced because, unlike when a motion to dismiss is filed by a defendant, the plaintiff is given no opportunity to amend the complaint or make legal arguments against dismissal. Pro se plaintiffs, unskilled in legal pleadings, are more likely to suffer acute prejudice. Third, dismissal without service of process and notice is unfair to defendants because the *sua sponte* action of the court deprives the defendants of the opportunity to participate in the litigation process and places them in the position of having to chose: whether to not participate in an appeal and risk an adverse decision; or, whether to participate in the appeal and make arguments based upon matters not in the factual record. Fourth, the *sua sponte* dismissal ultimately wastes judicial resources. The dismissal creates an opportunity for appeal based upon an incomplete record of pleadings and orders resulting in an inability to make a factual decision on the merits and limiting the appellate court to decisions on broad legal grounds. *Tingler*, 716 F.2d at 1111.

Using its supervisory power, the *Tingler* court outlined a five-step procedure for dismissal of complaints, *sua sponte:*

(1) allow service of the complaint upon the defendant; (2) notify all parties of [the court's] intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to

---

8. This court has previously acknowledged that we give great weight to federal precedent interpreting procedural rules which are similar to those adopted in Wyoming. *Billis v. State*, 800 P.2d 401, 421 n. 15 (Wyo.1990) (collecting cases).

9. The dismissal in *Tingler* was also not based upon the authority of 28 U.S.C. § 1915(d) which permits the federal courts to dismiss in forma pauperis claims which are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state [the court's] reasons for the dismissal. *Id.* at 1112.[10]

In an exercise of this court's supervisory powers, Wyo. Const. art. 5, § 2, we adopt the federal approach to *sua sponte* dismissals under Rule 12(b)(6) including the five-step process outlined in *Tingler*. This process assures proper notice and opportunity to be heard, *see Torrey v. Twiford*, 713 P.2d 1160 (Wyo.1986), and promotes a policy of deciding cases on their merits which is consistent with the general tenor of our procedural rules. *See Hill v. Zimmerer*, 839 P.2d 977, 981 (Wyo.1992). Restricting *sua sponte* dismissals is also consistent with the requirement of the Wyoming Constitution to maintain an open court system:

All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay.

Wyo. Const. art. 1, § 8.

■ The application of the *Tingler* approach to the present facts reveals a lack of notice and opportunity to be heard. While service of process did occur prior to the district court's *sua sponte* dismissal, the record does not disclose that the district court provided Osborn with any notice of its anticipated dismissal motion. At the time of the district court action, Sullivan had filed his answer.[11] In response, Osborn had applied for a default judgment, which was the only motion pending before the district court.

Without notice of the district court's intent to dismiss, Osborn was also denied any opportunity to either amend the complaint or respond to the district court's concerns

regarding the sufficiency of the pleading. *Tingler*, 716 F.2d at 1112. Finally, the failure of the district court to state the reasons for the dismissal would require this court to provide purely conjectural support to uphold the action.

## CONCLUSION

The sensible and efficient use of judicial resources demands our adherence to settled principles of an open court and due process. When courts concerned with dockets and workloads override the ability of the public to access justice, the supervisory powers of this court must be utilized to uphold our constitutional and procedural safeguards. We must always seek to avoid, for the sake of our individual liberties, conferring unbridled discretionary power on the judiciary.

Reversed.

MACY, Chief Justice, dissenting.

This Court does not have the capacity to right every subjectively perceived wrong. All members of society must cope with life's disappointments, indignities, and failures. *See Skane v. Star Valley Ranch Association*, 826 P.2d 266 (Wyo.1992).

Our decision in *Apodaca v. Ommen*, 807 P.2d 939 (Wyo.1991), is unmistakably clear:

This court has indicated that a certain leniency is accorded to anyone acting pro se; however, the proper administration of justice requires reasonable adherence to the rules and requirements of the court. There is no more basic requirement in the rules than that a complaint must state a cause of action. Likely, Apodaca has confused the standards applied to a pro se litigant in a state civil action with the less stringent standards

---

10. The United States Supreme Court has not ruled on the "permissible scope, if any, of *sua sponte* dismissals" under F.R.C.P. 12(b)(6). *Neitzke*, 490 U.S. at 330 n. 8, 109 S.Ct. at 1834 n. 8. The court has expressed its approval of the "sound judicial practice" evidenced by the exercise of supervisory power in *Tingler*. *Thomas v. Arn*, 474 U.S. 140, 147 n. 5, 106 S.Ct. 466, 470–71 n. 5, 88 L.Ed.2d 435 (1985).

11. The fact that Sullivan was not a licensed attorney precluded him from effectively answering for either the store, as a business entity, or the owner. *Melehes v. Wilson*, 774 P.2d 573 (Wyo.1989).

applied to pro se litigants in actions pursuant to 42 U.S.C. § 1983.

807 P.2d at 943 (citations omitted).

We do not need to be concerned with "leniency" in this case. Osborn's failure to state a claim does not arise because of an inept selection of language or his lack of learning the law: It arises because the facts of Osborn's case simply cannot be forged into a claim or controversy. It does not take a "licensed attorney" to figure that out.

> It is prudent to remember:
>
> "One of the elements necessary to establish actionable fraud is that the fact which is represented or concealed have materiality. [Citations.]" *McCamon v. Darnall Realty*, Wyo., 444 P.2d 623, 625 (1968).

*Reynolds v. Tice*, 595 P.2d 1318, 1321–22 (Wyo.1979). The plaintiff's belief of the fact represented or misrepresented must be reasonable. *Garner v. Hickman*, 709 P.2d 407, 410 (Wyo.1985). If Osborn got "ripped off" (as he worded his pleadings), it was not because of fraud or "bait and switch" or some other act by the defendants. It is crystal clear from the complaint's face that the real culprit was Osborn's endogenous salaciousness—a condition which can cause one to purchase a video which is touted, or "puffed," in words which pictures simply cannot equal (the obverse of "one picture is worth a thousand words!").

I do not disagree with embracing the criteria found in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983). However, to apply that criteria to these circumstances, and reverse, is to accept the concept of *sua sponte* dismissals of complaints (when they are genuinely warranted) and then immediately throw the rule out the window.